IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONL INC., *et al.*, | ) | Case No. 05-12685 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

### DECLARATION OF MICHAEL J. HENKIN

I, Michael J. Henkin, a Senior Vice President of Jefferies hereby declares as follows:

1. I am a Senior Vice President of Jefferies & Company, Inc. ("Jefferies"), an investment banking firm with its principal office located at 520 Madison Ave., New York, New York, 10022, with offices located world-wide. I am duly authorized to make this Declaration on behalf of Jefferies and submit this Declaration in accordance with section 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the application (the "Application") of the Official Committee of Unsecured Creditors in the above-captioned cases (the "Committee") for an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code authorizing the Committee to retain and employ Jefferies as financial advisors and waiving certain requirements under Local Rule 2016-2.

2. Unless otherwise stated in this Declaration, I have personal knowledge

of the facts set forth herein and, if called as a witness, I would testify thereto.[1]  Capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

        3.        I believe that Jefferies and the professionals it employs are uniquely qualified to advise the Committee in the matters for which Jefferies is proposed to be employed.

        4.        In its capacity as the Committee's financial advisor and as outlined in the Jefferies Engagement Letter, Jefferies is prepared to perform certain postpetition services including, without limitation, the following:

        a)        become familiar, to the extent Jefferies deems appropriate, with and analyze the business, operations, assets, financial condition and prospects of the Debtors;

        b)        advise the Committee on the current state of the "restructuring market";

        c)        assist and advise the Committee in examining and analyzing any potential or proposed strategy for restructuring or adjusting the Debtors' outstanding indebtedness or overall capital structure, whether pursuant to a plan of reorganization, a sale of assets or equity under Section 363 of the Bankruptcy Code, a liquidation, or otherwise (the "Restructuring"), including, where appropriate, assisting the Committee in developing its own strategy for accomplishing a Restructuring;

        d)        assist and advise the Committee in evaluating and analyzing the proposed implementation of any Restructuring, including the value of the securities, if any, that may be issued under any plan of reorganization; and

        e)        render such other financial advisory services as may from time to time be agreed upon by the Committee and Jefferies, including but not limited to providing expert testimony, and other expert

---

[1] Certain of the disclosures set forth herein relate to matters within the knowledge of other employees at Jefferies and are based on information provided by them.

and financial advisory support related to any threatened, expected, or initiated litigation.

5.   In connection with its retention by the Committee, Jefferies researched its client database to determine whether it had any relationships with the following entities (the "Potential Parties in Interest"):

a) The Debtors and their affiliates;

b) The Debtors' officers, directors and its principal shareholder;

c) The Debtors' secured lenders;

d) The Debtors' largest unsecured creditors;

e) The Debtors' professionals; and

f) Certain other parties in interest reasonably ascertainable by Jefferies.

As part of this inquiry, Jefferies then entered the names of Potential Parties in Interest into a computer database containing the names of all clients and conflict information concerning such clients of Jefferies. This inquiry revealed that certain of the Potential Parties in Interest are current or former Jefferies clients (the list of such clients is referred to herein as the "Client Match List," the names of which clients are included in Schedule 1 hereto). Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Jefferies professionals responsible for certain clients listed on the Client Match List, Jefferies determined that the representation of the clients on the Client Match List concern matters unrelated to the Debtors and these cases  To the best of my knowledge, information and belief, Jefferies also has past or on-going relationships with certain Parties in Interest, including as adverse parties in litigation or as part of current or former representations, which relationships are also unrelated to the Debtors and these cases. Specifically, Jefferies has a

former or current relationship with the entities identified on the schedule annexed hereto as Schedule 1 on matters unrelated to these cases.

6. Also, as part of its diverse global activities, Jefferies is involved in numerous cases, proceedings and transactions involving many different professionals, some of which may represent claimants and parties in interest in the Debtors' chapter 11 cases. Further, Jefferies has in the past, and may in the future, be represented by various attorneys and law firms in the legal community, some of whom may be involved in these cases. In addition, Jefferies has in the past, and may in the future, be working with or against other professionals involved in these cases in matters wholly unrelated to these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships constitute an interest materially adverse to the Debtors estates or Committee herein in matters upon which Jefferies is to be employed, and none are in connection with these cases.

7. As to the remainder of the individuals and entities set forth in paragraph 5 above, Jefferies has not been employed by or rendered advisory services to any of them within the past five years.

8. Except as described below, neither Jefferies nor to the best of my knowledge, any employee of Jefferies is or was a creditor or equity holder of the Debtors.

9. Neither Jefferies, nor to the best of my knowledge, any employee of Jefferies is or was an investment banker for any outstanding security of the Debtors.

10. Neither Jefferies, nor to the best of my knowledge, any employee of Jefferies is or was, within three years before the commencement of these cases, an investment banker for the Debtors, in connection with the offer, sale or issuance of a security of the

Debtors. However, on March 2002, Jefferies acted as a Joint Book-Running Manager in the issuance of the Debtors' 10 ¾% Senior Secured Notes due 2009.

11. Neither Jefferies, nor to the best of my knowledge, any employee of Jefferies is or was within two years before the commencement of these cases, a director, officer or employee of the Debtors.

12. Jefferies is a global investment banking firm with broad activities covering trading in equities, convertible securities and corporate bonds in addition to its investment banking and financial advisory practice. With more than 80,000 customer accounts around the world, it is possible that one of its clients or a counter party to a security transaction may hold a claim or otherwise is a party in interest in these chapter 11 cases. Further, as a major market maker in equity securities as well as a major trader of corporate bonds and convertible securities, Jefferies regularly enters into securities transactions with other registered broker-dealers as a part of its daily activities. Some of these counter parties may be creditors of the Debtors. Jefferies believes none of these business relationships constitute interests materially adverse to the Debtors' estates or Committee herein in matters upon which Jefferies is to be employed, and none are in connection with these cases.

13. Except as may be otherwise set forth herein, to the best of my knowledge, Jefferies, its principals and professionals (i) do not have any connection with the Debtors or their affiliates, their creditors, or any other party in interests, (ii) are "disinterested persons" under section 101(14) of the Bankruptcy Code, as modified by section 1107(b), and (iii) do not hold or represent any interest adverse to the Debtors' estates. Jefferies does not represent and has not represented any entity, other than the Committee and the Ad Hoc

Committee of Unsecured Creditors (prior to the commencement of these cases), in matters related to these chapter 11 cases.

14. The Debtors have numerous creditors and relationships with various individuals and entities that may be parties in interest in these cases. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, Jefferies is unable to state with certainty whether one of its clients or an affiliated entity holds a claim or otherwise is a party in interest in these chapter 11 cases. If Jefferies discovers any information that is contrary to or pertinent to the statements made herein, Jefferies will disclose such information to the Court. Jefferies does not advise, has not advised, and will not advise any entity, other than the Committee and the Ad Hoc Committee of Unsecured Creditors of the Debtors, in matters related to these chapter 11 cases.

15. The Fee Structure is consistent with Jefferies' typical fee for work of this nature. The fees are set at a level designed to compensate Jefferies fairly for the work of its professionals and assistants and to cover fixed and routine overhead expenses. It is Jefferies' policy to charge its clients for all disbursements and expenses incurred in the rendition of services.

16. It is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys. Jefferies' restructuring professionals do as a practice, and in these chapter 11 cases will as a practice, keep time records detailing and describing their general daily activities, the identity of persons who performed such tasks and the amount of time expended on each activity on a daily basis. Jefferies' restructuring personnel do not maintain their time records on a "project category" basis. I believe that for Jefferies to recreate the time entries for its restructuring personnel and

require its nonrestructuring personnel to record their time as prescribed by the Local Rules would be, in each case, unduly burdensome and time-consuming, accordingly, we are requesting a waiver of Local Rule 2016(a)-3.

17. The Fee Structure is comparable to those generally charged by financial advisory and investment banking firms of similar stature to Jefferies and for comparable engagements, both in and out of court, and reflects a balance between a fixed, monthly fee, and a contingency amount which are tied to the consummation and closing of the transactions contemplated in the Jefferies Engagement Letter.

18. The Indemnity is a reasonable term and condition of the Jefferies engagement. Unlike the market for other professionals that a debtor or committee may retain, indemnification is a standard term of the market for investment bankers and financial advisors. In fact, the Indemnity is comparable to those generally obtained by financial advisory and investment banking firms of similar stature to Jefferies and for comparable engagements, both in and out of bankruptcy.

19. The proposed retention is reasonable and based on the customary compensation charged by Jefferies and comparably skilled practitioners in matters outside and other than chapter 11 cases, as well as cases under chapter 11, and has been approved and implemented in not just this jurisdiction but also in chapter 11 cases elsewhere. Indeed, the entire engagement as set forth in the Jefferies Engagement Letter (as modified in the Application) is common within the industry and reflects what is considered to be "market" both in and out of chapter 11 proceedings, in each case, in light of Jefferies' experience in reorganizations and the scope of work to be performed pursuant to its retention.

20. Other than as set forth above, no other arrangement is proposed between the Committee and Jefferies for compensation to be paid in these cases.

21. The foregoing constitutes the statement of Jefferies pursuant to sections 504 and 1103 of the Bankruptcy Code, and Bankruptcy Rules 2014(a), 2016(b) and 5002.

*[Continued on Next Page]*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:   New York, New York
         October 18, 2005

_____
Michael J. Henkin
Senior Vice President

SWORN TO AND SUBSCRIBED before
me this 18th day of October, 2005.

_____
Notary Public
         SANDRA COELHO

SANDRA COELHO
Commission # 1359496
Notary Public - California
San Francisco County
My Comm. Expires Jun 3, 2008

# Schedule 1

## Disclosure of Jefferies & Company, Inc.

### Results of Conflicts Search – Current or Former Relationships with Parties in Interest

| Party | Relationship |
|---|---|
| Henry Tang | Previous employee of Jefferies & Company, Inc. |
| TCW Group Partnerships | Jefferies is engaged in various investments. |
| BassoPartners (fka AIG DKR Soundshores Partners) | Jefferies Fund of Funds II and two employee investment partnerships are engaged in various investments. |
| Foamex | Jefferies owns $720,000.00 (face) of 10.75% of 2009. |
| Oaktree Capital Mgmt | Client in past or present restructuring assignments. |
| Silver Point Capital | Client in past or present restructuring assignments. |
| Angelo Gordon | Client in past or present restructuring assignments. |
| DDJ Capital Management | Client in past or present restructuring assignments. |
| Lonestar | Client in past or present restructuring assignments. |
| Eaton Vance | Client in past or present restructuring assignments. |
| Triton | Client in past or present restructuring assignments. |
| Chartwell Investments | Client in past or present restructuring assignments. |
| Bank of America | Client in past or present restructuring assignments. |
| Paul Weiss et al. | Client in past or present restructuring assignments. |
| Great Lakes Chemical | Client in past or present restructuring assignments. |
| Lear | Client in past or present restructuring assignments. |
| Prologis Trust | Client in past or present restructuring assignments. |
| Pegasus | Client in past or present restructuring assignments. |
| The Home Depot | Client in past or present restructuring assignments. |