IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 )<br>) Case No. 05-12685 (PJW)<br>)<br>FOAMEX INTERNATIONAL INC., *et al.*, ) (Jointly Administered)<br>)<br>Debtors. )<br>)<br>) |

## ORDER APPROVING AND AUTHORIZING THE DEBTORS' KEY EMPLOYEE RETENTION PROGRAM AND SEVERANCE PLAN

This matter having come before the Court upon consideration of the motion (the "Motion")[1] of Foamex International Inc., Foamex L.P., Foamex Latin America, Inc., Foamex Asia, Inc., FMXI, Inc., Foamex Carpet Cushion LLC, Foamex Capital Corporation, Foamex Mexico, Inc. and Foamex Mexico II, Inc., the above-captioned debtors and debtors in possession (each a "Debtor", and collectively, the "Debtors"), for entry of an order, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, authorizing and approving (i) the Debtors' key employee retention program (the "KERP"); and (ii) the continuation of the Debtors' severance plan, as modified (the "Severance Plan"), and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been given, and it appearing that no other or further notice need be provided; and the Court having determined that adoption of the

---
[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

KERP and continuation of the Severance Plan represents a sound exercise of the Debtors' business judgment and is necessary and in the best interest of the Debtors' estates, creditors and other parties; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted; and it is further

ORDERED that the KERP, as described in the Motion, is authorized and approved and the Debtors are authorized, but not directed, to take all actions necessary to fully implement and carry out the KERP as described in the Motion, including by making any and all distributions that become due thereunder; and it is further

ORDERED that the Severance Plan, as described in the Motion, is authorized and approved and the Debtors are authorized, but not directed, to take all actions necessary to fully implement and carry out the Severance Plan as described in the Motion, including by making any and all payments that become due thereunder; and it is further

ORDERED that to the extent the employment agreements, offer letters or other forms of understanding between the Debtors and their employees or former employees may constitute executory contracts, the Debtors are not assuming any obligations with respect thereto pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that to the extent that any obligations of the Debtors under or in connection with the KERP and the Severance Plan become due and payable on or prior to the effective date of a plan of reorganization that is confirmed in these cases those

obligations shall be deemed allowed administrative expense claims entitled to priority of payment pursuant to sections 503(b)(1)(A) and 507(a)(1) of the Bankruptcy Code; and it is further

ORDERED that any plan of reorganization that is confirmed in these cases shall provide for payment of the KERP amounts payable by the reorganized Company after the effective date of a plan of reorganization at the intervals set forth in the Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters relating to the implementation of this Order.

Dated: Nov 17, 2005

_____
Peter J. Walsh
United States Bankruptcy Judge