UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) | Case No. 05-12685 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Objection Deadline: Jan. 19, 2006 at 4:00 p.m. |
| | ) | Hearing Date: Jan. 26, 2006 at 11:00 a.m. |

## OBJECTION OF USBANK TO DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

U.S. Bank National Association, a federally chartered national banking association ("USBank"), by its attorneys King & Spalding LLP and Rosenthal, Monhait, Gross & Goddess, P.A., hereby objects to the Proposed Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Proposed Disclosure Statement") filed by Foamex International Inc. ("Foamex") and its affiliated debtors and debtors-in-possession (collectively, and together with Foamex, the "Debtors") in respect of their Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated December 23, 2005 (the "Proposed Plan"). In support of this Objection, USBank respectfully states as follows:

### INTRODUCTION

1. USBank is the indenture trustee under that certain Indenture (the "Indenture"), dated as of March 25, 2002, between and among Foamex L.P., acting through FMXI, Inc., its Managing General Partner, and Foamex Capital Corporation, as co-issuers of certain 10 ¾% Series A Senior Secured Notes due 2009 and certain 10 ¾% Series B Senior Notes due 2009 (collectively, the "Senior Secured Notes"), various subsidiaries of Foamex that

guaranteed the Senior Secured Notes, and USBank. As a result of the Debtors' bankruptcy and default under the Indenture, USBank has incurred fees and expenses in connection with its duties as indenture trustee.[1] Such fees and expenses are secured by a charging lien on any distributions to the holders of the Senior Secured Notes.

2.  USBank objects to the Proposed Disclosure Statement for two reasons. First, USBank objects to the Proposed Disclosure Statement in that the provisions relating to the payment of USBank's fees and expenses and the scope of its charging lien are simply confusing and unclear. USBank believes that these provisions need to be clarified so that USBank's entitlement to its fees and expenses is set forth more clearly.

3.  Second, USBank objects to the extent that the Proposed Disclosure Statement and the Proposed Plan provide that this Court has jurisdiction to determine the scope of USBank's charging lien. Pursuant to the Indenture, of which the holders of the Senior Secured Notes are beneficiaries, USBank is contractually entitled to a charging lien for the payment of its fees and expenses. USBank's ability to exercise its lien rights under the Indenture and to recover its fees and expenses from distributions made to the holders of Senior Secured Notes -- *i.e.*, property of a third party non-debtor -- do not involve property of the estate, and thus, this Court lacks subject matter jurisdiction with respect thereto. To the extent the Disclosure Statement provides information to the holders of Senior Secured Notes that such amounts will not be deducted from their distributions, the Proposed Disclosure Statement is providing such holders inaccurate information.

---

[1] Section 7.01(a) of the Indenture provides that upon an event of default, USBank "will exercise such of the rights and powers vested in it by this Indenture, and use the same degree of care and skill in its exercise as a prudent person would exercise or use under the circumstances in the conduct of such person's own affairs." This requirement mirrors an indenture trustee's requirements under the Trust Indenture Act. See, 15 U.S.C. § 77ooo.

## USBANK'S CHARGING LIEN

4. Under the Indenture, USBank has the right to be compensated for its services and reimbursed for its expenses, including the expenses of USBank's agents and counsel:

> The Issuers will pay to the Trustee from time to time such reasonable compensation as the Issuers and the Trustee shall from time to time agree in writing for its acceptance of this Indenture and services hereunder. The Trustee's compensation will not be limited by any law on compensation of a trustee of an express trust. The Issuers will reimburse the Trustee promptly upon request for all reasonable disbursements, advances and expenses incurred or made by it in addition to the compensation for its services. Such expenses will include the reasonable compensation, disbursements and expenses of the Trustee's agents and counsel. Indenture, Section 7.07(a).

The Indenture further provides that USBank will be indemnified against any expense, including the costs of its counsel, as follows:

> The Issuers and the Guarantors will indemnify the Trustee and the Collateral Agent against any and all losses, liabilities or expenses incurred by it arising out of or in connection with the acceptance or administration of its duties under this Indenture or any of the Security Documents, including the costs and expenses of enforcing this Indenture against the Issuers and the Guarantors (including this Section 7.07) . . . The Trustee may have separate counsel and the Issuers will pay the reasonable fees and expenses of such counsel. Indenture, Section 7.07(b).

5. To secure payment of USBank's fees and expenses, the Indenture provides that USBank has a charging lien against any and all distributions to the holders of the Senior Secured Notes. Specifically, Section 7.07(d) of the Indenture provides:

> To secure the Issuers' payment obligations in this Section 7.07, the Trustee will have a Lien prior to the Notes on all money or property held or collected by the Trustee, except that held in trust to pay principal and interest on particular Notes. Such Lien will

3

survive the satisfaction and discharge of this Indenture. Indenture, Section 7.07(d).

Section 6.10 of the Indenture sets forth the order of payments for any money collected by USBank after the occurrence of an event of default, providing payment "First: to the Trustee, its agents and attorneys for amounts due under Section 7.07 hereof, including payment of all compensation, expense and liabilities incurred, and all advances made, by the Trustee and the costs and expenses of collection."

## ARGUMENT

6. The Court may not approve a disclosure statement unless it includes "adequate information." 11 U.S.C. § 1125(b). "Adequate information" is defined as "information of a kind, and in sufficient detail … that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." Id. § 1125(a)(1). Proper disclosure is "[a]t the 'heart' of the chapter 11 process." In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990).

7. The primary purpose of a disclosure statement is to give creditors the information necessary to decide whether to accept or reject the proposed plan. See, e.g., Kunica v. St. Jean Financial, Inc., 233 B.R. 46 (S.D.N.Y. 1999) ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and this court."). Accordingly, the Disclosure Statement must contain "simple and clear language delineating the consequences of the proposed plan on [creditors'] claims. . . ." In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988) (disapproving disclosure statement because it "paints a positive and misleading picture" with regard to creditors' recoveries under the proposed plan). Precisely what constitutes adequate information in any particular instance will be

4

determined on a case-by-case basis. C.J. Kirk v. Texaco, Inc., 678, 682 (S.D.N.Y. 1988); In re Copy Crafters Quickprint, Inc., 92 B.R. at 979.

### THE PROPOSED DISCLOSURE STATEMENT IS CONFUSING AND UNCLEAR

8. The Proposed Disclosure Statement and the Proposed Plan provide that USBank's fees and expenses will be paid from assets of the Debtors' estates if (i) the Debtors' agree to such amounts and (ii) USBank agrees to waive its charging lien. Proposed Disclosure Statement, Section VII.H.4(vii); Proposed Plan, Section VII.E. In the event that either of these two conditions are not met, then "the Debtor shall only pay such Indenture Trustee Expenses as determined by the Court upon such Indenture Trustee's application to the Court pursuant to section 503(b) of the Bankruptcy Code." Plan, Section VII.E. These provisions are unclear for two reasons.

9. First, it is not clear from the language of the Proposed Plan whether the Debtors plan to challenge USBank's charging lien in the event that USBank does not agree to waive such lien. The provision of the Proposed Plan which deals with the scope of USBank's charging lien provides that:

> If the Reorganized Debtors dispute the reasonableness of any such Indenture Trustee's Indenture Trustee Expenses, *the Reorganized Debtors or such affected Indenture Trustee may submit such dispute to the Court for a determination of the reasonableness of such Indenture Trustee Expenses and the scope of the Indenture Trustee Charging Lien*, and the disputed portion of such Indenture Trustee's Indenture Trustee Expenses shall not be paid until the dispute is resolved. The undisputed portion of such Indenture Trustee's Indenture Trustee Expenses shall be paid as provided herein. Proposed Plan, Section VII.E (emphasis added).

Thus, this provision seems to indicate that the scope of USBank's charging lien will only be determined if USBank agrees to the procedure set forth in the Plan, whereby it and Reorganized

5

Debtors attempt to agree on the amount of USBank's fees and expenses, and if there is a dispute, then the Court will make a determination as to the appropriate amount of such fees. However, USBank may only avail itself of this procedure if it agrees to "waive its rights to assert its Indenture Trustee Charging Lien." If that is the case, then it is unclear why such a determination would involve the charging lien at all -- since it has already been waived.

10. If USBank does not waive its charging lien, then the Proposed Plan provides that "the Debtor shall only pay such Indenture Trustee Expenses as determined by the Court upon such Indenture Trustee's application to the Court pursuant to section 503(b) of the Bankruptcy Code." Id. There is no mention of the charging lien, and it is unclear whether the Debtors are providing that the Court would make such a determination. The Proposed Disclosure Statement must be modified to clarify this provision. However, if the Debtors do seek to determine the extent of USBank's charging lien, then the Proposed Disclosure Statement must be rejected because this Court lacks jurisdiction to determine the scope of USBank's charging lien.

11. Second, the proposed language is also confusing in that it provides that the Debtors shall only pay amounts as determined by the Court "pursuant to section 503(b) of the Bankruptcy Code." Id. USBank is entitled to the payment of such fees on any number of grounds, and not merely as an administrative expense under section 503(b). Indeed, under the terms of the final order (I) authorizing Debtors (A) to Obtain Post-Petition Financing on a Secured and Super-Priority Basis and (B) To Utilize Cash Collateral, and (II) Granting Adequate Protection to Certain Pre-Petition Secured Parties, dated October 17, 2005 (the "Final DIP Order"), the Debtors agreed to pay the fees and expenses of USBank, including outside counsel, as adequate protection to the holders of the Senior Secured Notes. Final DIP Order, ¶ 13(d).

6

Moreover, courts have long recognized that an Indenture Trustee is entitled to payment of its fees and expenses, including attorneys' fees, as a matter of right under the Indenture. See In re Flight Transp. Corp. Sec. Litig., 874 F.2d 576 (8th Cir. 1989); In re Multiponics, Inc., 436 F. Supp. 1072 (E.D. La. 1977), aff'd 622 F.2d 731 (5th Cir. 1980); In re W.T. Grant Co., 119 B.R. 898 (S.D.N.Y. 1990), aff'd, 935 F.2d 1277 (2d Cir. 1991).

### THE SCOPE OF USBANK'S CHARGING LIEN MAY NOT BE DETERMINED BY THE COURT

12. As set forth above, the Proposed Disclosure Statement and the Proposed Plan seem to provide that this Court has jurisdiction to determine the scope of USBank's charging lien, and inform holders of the Senior Secured Notes that payments to USBank will not be deducted from distributions to be made pursuant to the Plan. However, because the amount and scope of USBank's charging lien have no effect on property of the estate, this court lacks jurisdiction to make such a determination. Moreover, to the extent that USBank's fees and expenses are not paid by the Debtors, then USBank clearly has an enforceable lien against distributions to the Senior Secured Notes, and the provisions in the Plan indicating otherwise are misleading.

13. Section VII.H.4(vii) of the Proposed Disclosure Statement provides that disputes regarding USBank's fees and expenses will be submitted to this Court for final resolution:

> *Indenture Trustee's Fees and Expenses*. The Senior Secured Indenture Trustee and, provided that Class 4 votes to accept the Plan, the Senior Subordinated Notes Indenture Trustee, shall be entitled to payment from the Reorganized Debtors of the reasonable fees and out-of-pocket expenses incurred by such Indenture Trustees in making distributions under the Plan without further Court approval . . . ***Any such payments will be made on terms agreed to with Reorganized Debtors and will not be***

7

> *deducted from distributions to be made pursuant to the Plan*, provided, that, *if the Debtors and such Indenture Trustee do not agree on the amount of such payments, such dispute shall be submitted to the Court for final resolution.* Proposed Disclosure Statement, Section VII.H.4(vii) (emphasis added).

USBank has no objection to this section to the extent that it provides that USBank's recovery of its reasonable fees and expenses <u>from property of the estate</u> is to be considered by the Debtors, and ultimately to be determined by this Court. However, the Proposed Plan goes further, providing that not only will the reasonableness of USBank's fees and expenses be brought before this Court, but the scope of USBank's charging lien against distributions to the holders of the Senior Secured Notes will be brought before this Court as well:

> If the Reorganized Debtors dispute the reasonableness of any such Indenture Trustee's Indenture Trustee Expenses, *the Reorganized Debtors or such affected Indenture Trustee may submit such dispute to the Court for a determination of the reasonableness of such Indenture Trustee Expenses and the scope of the Indenture Trustee Charging Lien*, and the disputed portion of such Indenture Trustee's Indenture Trustee Expenses shall not be paid until the dispute is resolved. The undisputed portion of such Indenture Trustee's Indenture Trustee Expenses shall be paid as provided herein. It is a condition precedent to the Debtor's obligation to pay the Indenture Trustee Expenses described herein, that such Indenture Trustee waive its rights to assert its Indenture Trustee Charging Lien. If such Indenture Trustee does not so agree, the Debtor shall only pay such Indenture Trustee Expenses as determined by the Court upon such Indenture Trustee's application to the Court pursuant to section 503(b) of the Bankruptcy Code. Proposed Plan, Section VII.E (emphasis added).

Moreover, the section conditions the payment of USBank's fees and expenses on USBank's waiver of its charging lien -- a requirement for which USBank can find no basis in statutory or case law.

14. This Court does not have jurisdiction to determine the scope of USBank's charging lien as it relates to distributions made to the holders of the Senior Secured Notes. Such

8

distributions are not property of the estate, and where an "action does not involve property of the estate, then not only is it a noncore proceeding, it is an unrelated matter completely beyond the bankruptcy court's subject-matter jurisdiction." In re Guild and Gallery Plus, Inc., 72 F.3d 1171, 1181 (3d Cir. 1996). Courts have consistently found subject matter jurisdiction lacking in similar situations. See, e.g., In re SPM Manufacturing Corp., 984 F.2d 1305, 1313 (1st Cir. 1993) (no jurisdiction over rights in bankruptcy distributions). In re Prime Motor Ins., Inc., 130 B.R. 610, 611-12 (S.D. Fla. 1991) (court lacked jurisdiction to enjoin payments under contracts in which debtors not a party). Thus, the Proposed Disclosure Statement cannot be approved to the extent that it provides that the scope of USBank's charging lien will be adjudicated by this Court.

15. Moreover, because this is the case, the provisions of the Disclosure Statement which state that USBank's fees and expenses will not be deducted from distributions made to the holders of the Senior Secured Notes are incorrect. Because the Proposed Disclosure Statement paints the misleading picture that USBank's fees and expenses will not be deducted from distributions to the holders of Senior Secured Notes, the Proposed Disclosure Statement may not be approved.

## CONCLUSION

For all of the foregoing reasons, USBank respectfully requests that the Court disapprove the Proposed Disclosure Statement and grant USBank such other and further relief as the Court deems just, equitable and proper.

Dated: January 19, 2006
       Wilmington, Delaware

                              KING & SPALDING LLP

                              Franklin Ciaccio, Esq.
                              John W. Kibler, Esq.
                              1185 Avenue of the Americas
                              New York, New York 10036-4003
                              Telephone: (212) 556-2100
                              Facsimile: (212) 556-2222

                              Attorneys for USBank

                              - and -

                              ROSENTHAL, MONHAIT, GROSS &
                              GODDESS, P.A.

                              */s/ Kevin Gross*
                              Kevin Gross (DE Bar I.D. #209)
                              919 N. Market Street, Suite No. 1401
                              Wilmington Delaware 19801
                              Telephone: (302) 656-4433
                              Facsimile: (302) 658-7567

                              Attorneys for USBank

## CERTIFICATE OF SERVICE

I, Kevin Gross, hereby certify that on this 19th day of January, 2006, I caused a copy of the foregoing to be served upon all persons on the attached Service List in the following manner:

    Delaware counsel by hand delivery
    Out of town counsel by Federal Express

_____
Kevin Gross

**FOAMEX INTERNATIONAL**
**Case No. 05-12685**

Service List

| | |
|---|---|
| Foamex International Inc.<br>1000 Columbia Avenue<br>Linwood, Pennsylvania 19061<br>Attn: Gregory J. Christian, Esquire | Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19801<br>Attn: Pauline K. Morgan, Esquire |
| Paul, Weiss, Rifkin,<br>  Wharton & Garrison, LLP<br>1285 Avenue of the Americas<br>New York, New York 10019-6064<br>Attn: Alan W. Kornberg, Esquire and<br>  Brian S. Hermann, Esquire | Saul Ewing LLP<br>222 Delaware Avenue, Suite 1200<br>P.O. Box 1266<br>Wilmington, Delaware 19899<br>Attn: Donald J. Detweiler, Esquire |
| Lowenstein Sandler PC<br>65 Livingston Avenue<br>Roseland, New Jersey 07068-1791<br>Attn: Kenneth A. Rosen, Esquire and<br>  Paul Kizel, Esquire | O'Melveny & Myers LLP<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>Attn: Adam Harris, Esquire and<br>  Avi Goldenberg, Esquire |
| Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Attn: John H. Knight, Esquire | Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10022-3598<br>Attn: Marc D. Rosenberg, Esquire and<br>  Albert M. Fenster, Esquire |
| Buchanan Ingersoll PC<br>The Nemours Building<br>1007 North Orange Street, Suite 1110<br>Wilmington, Delaware 19801-1236<br>Attn: Jami B. Nimeroff, Esquire | Schultze Roth & Zabel LLP<br>919 Third Avenue<br>New York, New York 10022<br>Attn: Frederic L. Ragucci, Esquire and<br>  Andrew Gottesman, Esquire |
| Landis Rath & Cobb, LLP<br>919 Market Street, Suite 600<br>Wilmington, Delaware 19899<br>Attn: Adam C. Landis | The Office of the United States Trustee<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801<br>Attn: David L. Buchbinder, Esquire |