IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) | Case No. 05 – 12685 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: July 12, 2006 at 2:00 p.m. (ET)** |
| | ) | **Objection Deadline: July 5, 2006 at 4:00 p.m. (ET)** |

## NOTICE OF MOTION

TO: (I) THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE, (II) COUNSEL TO THE DEBTORS' POSTPETITION LENDERS, (III) COUNSEL TO THE AD HOC COMMITTEE OF SENIOR SECURED BONDHOLDERS, (IV) COUNSEL TO THE INDENTURE TRUSTEES FOR EACH OF THE DEBTORS' BOND ISSUANCES, (V) COUNSEL TO THE CREDITORS' COMMITTEE, (VI) ALL PARTIES THAT HAVE REQUESTED NOTICE IN THESE CASES PURSUANT TO RULE 2002 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND (VII) COUNSEL TO THURMO-SLEEP, USA, INC.

Foamex L.P. ("Foamex" or the "Debtor"), one of the above-captioned debtors and debtors-in-possession (collectively, with Foamex International Inc., Foamex Latin America, Inc., Foamex Asia, Inc., FMXI, Inc., Foamex Carpet Cushion LLC, Foamex Capital Corporation, Foamex Mexico, Inc. and Foamex Mexico II, Inc., the "Debtors")has filed the attached **MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. § 105 APPROVING MEDIATED SETTLEMENT AGREEMENT BY AND BETWEEN FOAMEX L.P. AND THURMO-SLEEP, USA, INC.** (the "Motion").

Responses, if any, to the Motion must be filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 6th Floor, Wilmington, Delaware 19801 on or before July 5, 2006 at 4:00 P.M. (ET) (the "Objection Deadline").

At the same time, you must serve a copy of your response upon the undersigned counsel.

A HEARING ON THE MOTION WILL BE HELD ON JULY 12, 2006 AT 2:00 P.M. (ET) BEFORE THE HONORABLE PETER J. WALSH, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 N. MARKET STREET, 6TH FLOOR, WILMINGTON, DELAWARE 19801.

IF YOU FAIL TO RESPOND TO THE MOTION IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED THEREIN WITHOUT FURTHER NOTICE OR A HEARING.

Dated: Wilmington, Delaware
June 22, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Pauline K. Morgan (No. 3650)
Joseph M. Barry (No. 4221)
Sean T. Greecher (No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Brian S. Hermann
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Counsel to the Debtors and
Debtors in Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) | Case No. 05 – 12685 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: July 12, 2006 at 2:00 p.m. (ET)** |
| | ) | **Objection Deadline: July 5, 2006 at 4:00 p.m. (ET)** |

## MOTION FOR ORDER PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. § 105 APPROVING MEDIATED SETTLEMENT AGREEMENT BY AND BETWEEN FOAMEX L.P. AND THURMO-SLEEP, USA, INC.

Foamex L.P. ("Foamex" or the "Debtor"), one of the above-captioned debtors and debtors-in-possession (collectively, with Foamex International Inc., Foamex Latin America, Inc., Foamex Asia, Inc., FMXI, Inc., Foamex Carpet Cushion LLC, Foamex Capital Corporation, Foamex Mexico, Inc. and Foamex Mexico II, Inc., the "Debtors"), by and through their undersigned attorneys, hereby submits this motion (the "Motion") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 105 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), approving the Memorandum of Mediated Settlement Agreement between the Debtor and Thurmo-Sleep, USA ("Thurmo-Sleep," and together with the Debtor, the "Parties"), annexed hereto as <u>Exhibit 1</u> (the "Agreement"). In support of this Motion, the Debtor respectfully represents and states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code, along with Bankruptcy Rule 9019.

## BACKGROUND

2.  On September 19, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 30, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors in these cases (the "Creditors' Committee").

4.  Headquartered in Linwood, Pennsylvania, Foamex International is a public holding company that, along with its subsidiaries and affiliates, as of the Petition Date, employed approximately 5,450 people worldwide and maintained 42 domestic and 9 international manufacturing facilities located throughout the United States, Canada and Mexico. Foamex International believes that it is the largest manufacturer of flexible polyurethane and advanced polymer foam products in North America, with annual net sales of approximately $1.3 billion in 2004.

5.  Given its size and prominent market share, Foamex International believes it is the world's leading producer of comfort cushioning serving the bedding, furniture, carpet and automotive markets. Foamex International also manufactures high-performance polymers for diverse industrial applications as well as for use in the aerospace, defense, electronics and computer industries.

## SUMMARY OF THE DISPUTE

6.  On June 21, 2005, Foamex initiated a suit against Thurmo-Sleep, captioned *Foamex L.P. v. Thurmo-Sleep, USA, Inc.,* Case No. 05-CvS 7400 (the "State Court Action") in the General Court of Justice, Superior Court Division of the State of North Carolina (the "State Court"), asserting damages in the amount of $572,082.79 on account of Thurmo-Sleep's failure to pay Foamex's invoices for products delivered to Thurmo-Sleep.

7.  In its response to the State Court Action, Thurmo-Sleep asserted counterclaims against Foamex, alleging that Foamex sold and delivered defective products to Thurmo-Sleep (the "Counterclaim").

8.  On June 14, 2006, the Parties participated in a Mediated Settlement Conference. At the mediation, and in an effort to avoid the costs and risks associated with litigating the issues raised by the Parties before the State Court, the Parties reached the Agreement, whereby all issues and disputes between the Parties would be resolved.

## SUMMARY OF THE SETTLEMENT AGREEMENT

9.  The Parties have agreed to resolve the issues between them with respect to the issues raised in the State Court Action through the terms embodied in the attached Agreement, subject to Court approval. The principal terms of the Agreement are as follows: [2]

    i.  Thurmo-Sleep shall pay to Foamex the total sum of $515,000 (the "Settlement Amount") in resolution of all issues and in full settlement of all claims between the Parties, to be paid in equal monthly installments of $57,222.22 per month beginning July 15, 2006 until the Settlement Amount is paid in full.

---

[2] While the Debtors have summarized the terms of the Agreement for purposes of this Motion, the summary of the Agreement is qualified in its entirety by the Agreement itself and terms and conditions listed therein shall govern if the Motion is approved by the Court. Any capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement.

ii. Thurmo-Sleep shall execute and deliver a UCC-1 and a security agreement for Foamex to record and file to secure the payment of the Settlement Amount.

iii. Thurmo-Sleep will execute and deliver to Foamex an irrevocable confession of judgment for the Settlement Amount, which shall not be filed until or unless Thurmo-Sleep defaults in any monthly payment.

iv. Foamex shall pay the whole cost of the Mediated Settlement Conference, in the approximate amount of $875.

## RELIEF REQUESTED

10. By this Motion, the Debtor requests the entry of an order approving the Agreement between Foamex and Thurmo-Sleep pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

11. Section 105 of the Bankruptcy Code authorizes this Court to issue "any order...that is necessary or appropriate to carry out any provision of [the Bankruptcy Code]." 11 U.S.C. §105(a). Further, Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement."[3] Compromises are favored by bankruptcy courts. See In re Sassalos, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise...rests in the sound discretion of the judge."). The settlement of matters that would result in time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. In re Penn Cent. Transp. Co., 596 F.2d 1002, 1113 (3d Cir. 1979) (stating that "'in administering reorganization proceedings in an economical and practical

---

[3] A debtor-in-possession in a reorganization case has most of the rights of a trustee appointed under chapter 11 of the Bankruptcy Code. *See* 11 U.S.C. §§ 1106 and 1107.

manner, it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts.'"), quoting In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968).

12. Moreover, approval of a proposed settlement is within the "sound discretion" of the Bankruptcy Court. In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in In re Martin, 91 F.3d at 393. The Bankruptcy Court should not substitute its judgment for that of the debtor. In re Neshaminy Office Bldg. Assocs., 62 B.R. at 803. The Court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. In re W.T. Grant and Co., 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." In re Neshaminy Office Bldg. Assocs., 62 B.R. at 803 (citation omitted); see also In re Martin, 91 F.3d at 393 (noting that the standard of review of bankruptcy settlements on appeal is abuse of discretion).

13. In determining the fairness and equity of a compromise in bankruptcy, the Third Circuit has stated that it is important that the Bankruptcy Court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probability of ultimate success should the claims be litigated, and estimate[] the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment of the [claims]." In re Penn Cent. Transp. Co., 596 F.2d 1127, 1146 (3d Cir. 1979). The district court, as the intermediate

bankruptcy appellate court, "has described the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'" In re Marvel Entertainment Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (McKelvie, J.), quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997) (Farnan, J.).

14. The Debtor believes that the compromises embodied in the Agreement are fair, reasonable and in the best interests of the Debtor, its estate and creditors. First and foremost, by entering into the Agreement, the Debtor will be entitled to a significant sum of money in the form of the Settlement Amount in consideration for its agreement to resolve the State Court Action, which the Debtor believes is a fair and reasonable settlement of the damages claim it has asserted.

15. The Agreement additionally results in significant savings to the Debtor's estate because it avoids the cost of litigating the counterclaims asserted against the Debtor by Thurmo-Sleep. Litigating such claims could be costly, and the outcome of such litigation is uncertain. Further, as the Debtor stands to recover the majority of the funds sought in the State Court Action without continued risk or delay, the Debtor believes that the minimal compromise embodied by the Agreement is reasonable.

16. The Agreement is the product of extensive negotiations between the Parties, and represents a sound exercise of the Debtor's business judgment and is fair, reasonable, and in the best interests of the Debtor's estate and creditors. Accordingly, the Debtor respectfully requests that this Court enter an order approving the Agreement.

## NOTICE

17. No trustee or examiner has been appointed in the Debtors' cases. Notice of this Motion will be given to (i) the United States Trustee for the District of Delaware, (ii)

counsel to the Debtors' postpetition lenders, (iii) counsel to the ad hoc committee of senior secured bondholders, (iv) the indenture trustees for each of the Debtors' bond issuances, (v) counsel to the Creditors' Committee, (vi) all parties that have requested notice in these cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, and (vii) counsel to Thurmo-Sleep.

18. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) approving the Agreement; and (ii) granting such other and further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
June 22, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Pauline K. Morgan (No. 3650)
Joseph M. Barry (No. 4221)
Sean T. Greecher (No. 4484)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Brian S. Hermann
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Counsel to the Debtors and
Debtors in Possession

# EXHIBIT 1

NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                  SUPERIOR COURT DIVISION
GUILFORD COUNTY   05 CvS 7400

FOAMEX, LP

Plaintiff

Vs.

THURMO-SLEEP, USA, INC
Defendant

****************************************************

**MEMORANDUM OF MEDIATED SETTLEMENT AGREEMENT**

The parties hereto stipulate and agree that at the Mediated Settlement Conference held June 14, 2006 in High Point, NC, a full and final agreement of all issues was reached, except those issues expressly set forth below. The terms of the agreement are:

1. Defendant shall pay to Plaintiff the total sum of $515,000 in resolution of all issues and in full settlement of all claims between the parties; this amount shall be paid by Defendant to Plaintiff in equal monthly installments of Fifty Seven Thousand Two Hundred Twenty Two and 22/100 ($57,222.22) dollars per month beginning July 15, 2006 with a like amount paid each month thereafter until the total sum of $515,000 has been paid.

2. Defendant shall execute and deliver a UCC-1 and a security agreement for Plaintiff to record and file to secure the payment of the total sum. Plaintiff acknowledges that it is aware that it will not be in a first lien position with regard to this security.

3. Defendant will execute and deliver to Plaintiff an irrevocable confession of judgment for the sum of $515,000 in favor of Plaintiff reciting the payment terms of this Mediated Settlement Agreement. The confession of judgment will be in the form commonly used by attorneys in Guilford County. Any disagreement in form of the judgment between Plaintiff and Defendant will be resolved by presentation of that disagreement to a Superior Court Judge presiding in Guilford County for arbitration and resolution of the issues. Plaintiff shall hold the Confession of Judgment and not file it until or unless Defendant defaults in any monthly payment. If Defendant makes all of the payments required under this Mediated Settlement Agreement and the Confession of Judgment, then Plaintiff will return the Confession of Judgment to Defendant unfiled.

1

4.      Plaintiff is currently under the protection and jurisdiction of the United States Bankruptcy Court having filed a Chapter 11 Petition. If the approval of the United States Bankruptcy Court or the Bankruptcy Trustee is required by law for approval of this settlement then this Mediated Settlement Agreement shall be subject to the prior approval of the Bankruptcy Court or Trustee.

5.      Issues not settled by this agreement are as follows: None

6.      Each of the parties shall bear its own attorney fees and costs except that Plaintiff shall pay the whole cost of this Mediated Settlement Conference.

7.      Plaintiff(s) and Defendant(s) acknowledge that all of the agreements reached in this Mediated Settlement Conference are contained in this Memorandum and that there are no material elements of their agreement not set forth in this Memorandum.

8.      The parties and their respective attorneys agree and consent to the Court entering and enforcing an Order based upon the terms and conditions contained in this Agreement.

_____
For Plaintiff(s)

_____
Attorney for Plaintiff(s)

_____
For Defendant(s)

_____
Attorney for Defendant(s)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) | Case No. 05-12685 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. _____** |

## ORDER PURSUANT TO FED. R. BANKR. P. 9019 AND 11 U.S.C. § 105 APPROVING MEDIATED SETTLEMENT AGREEMENT BY AND BETWEEN FOAMEX L.P. AND THURMO-SLEEP, USA, INC.

Upon consideration of the motion (the "Motion") of Foamex L.P. ("Foamex" or the "Debtor"), one of the above-captioned debtors and debtors-in-possession (collectively, with Foamex International Inc., Foamex Latin America, Inc., Foamex Asia, Inc., FMXI, Inc., Foamex Carpet Cushion LLC, Foamex Capital Corporation, Foamex Mexico, Inc. and Foamex Mexico II, Inc., the "Debtors"), seeking entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 11 U.S.C. § 105 approving the Mediated Settlement Agreement between the Debtors and Thurmo-Sleep, USA, Inc. ("Thurmo-Sleep," and together with the Debtor, the "Parties"), annexed as Exhibit 1 to the Motion (the "Agreement"); and it appearing that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and due and adequate notice and disclosure of the Motion having been given; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Agreement is approved pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from or related to the Agreement and the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
_____, 2006

_____
Peter J. Walsh
United States Bankruptcy Judge