IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC., et al., | ) | Case No. 05-12685 (PJW) |
| | ) | |
| Debtors. | ) | Obj. Deadline: September 20, 2006 @ 4:00 p.m. |
| | ) | Hearing Date: September 27, 2006 @ 9:30 a.m. |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GREENBERG TRAURIG, LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO SEPTEMBER 1, 2006

The Official Committee of Unsecured Creditors of Foamex International, Inc., *et al.* (the "Committee"), submits this application for entry of an Order, pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1, authorizing the retention and employment of the law firm of Greenberg Traurig, LLP ("Greenberg Traurig"), as co-counsel to the Committee, *nunc pro tunc* as of September 1, 2006. The facts and circumstances supporting this application (the "Application") are as set forth herein and in the Affidavit of Donald J. Detweiler (the "Detweiler Affidavit"), which is annexed hereto as Exhibit A and incorporated herein by reference. In further support of this Application, the Committee respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On September 19, 2005, Foamex International, Inc., Foamex L.P., Foamex Latin America, Inc., Foamex Asia, Inc., FMXI, Inc., Foamex Carpet Cushion LLC, Foamex Capital Corporation, Foamex Mexico, Inc. and Foamex Mexico II, Inc. (each a "Debtor," and collectively the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). On September 21, 2005, this Court entered an order directing that the Debtors' chapter 11 cases be jointly administered under case number 05-12685, Foamex International, Inc., *et al.*

4. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

### The Committee's Formation

5. On September 30, 2005, (the "Formation Date"), the United States Trustee appointed the Committee pursuant to section 1102. The members of the Committee are: Bank of New York; Pension Benefit Guaranty Corporation; Core Wealth Management; Newcastle Partners, LP; Lyondell Chemical Corporation; Shell Chemical LP; and Donovan Williams.

6. The Committee selected Lowenstein Sandler PC ("Lowenstein Sandler") to serve as its counsel and Saul Ewing LLP ("Saul Ewing") to serve as its local Delaware counsel pursuant to section 1103(a). By Order dated November 8, 2005 (Docket No. 298) the Court approved the retention of Saul Ewing as co-counsel to the Committee. Donald J. Detweiler was the attorney at Saul Ewing primarily responsible for working with Lowenstein Sandler on behalf of the Committee.

7. On August 1, 2006, Donald J. Detweiler joined Greenberg Traurig as a

shareholder in its Wilmington, Delaware office. The Committee has requested that Mr. Detweiler continue in his role as its Delaware counsel. Accordingly, upon approval of this Application, Saul Ewing will withdraw as counsel to the Committee and Greenberg Traurig will enter its appearance as Delaware counsel to the Committee.

## RELIEF REQUESTED

8. As set forth above, the Committee desires to retain and employ Greenberg Traurig as its counsel in these Cases, *nunc pro tunc* as of September 1, 2006. As part of its decision to continue its working relationship with Mr. Detweiler, the Committee determined that Greenberg Traurig has the resources and experience necessary to represent it in these Cases. Greenberg Traurig maintains an office for the practice of law in Wilmington, Delaware, where these Cases are pending and has extensive experience appearing before Courts in this District. In addition, Greenberg Traurig has substantial experience representing committees and has familiarity with complex reorganization cases. Given the nature of these Cases, Mr. Detweiler's knowledge of these Cases and the fact that Lowenstein Sandler does not have offices in Wilmington, Delaware, the Committee believes that the retention of Greenberg Traurig is appropriate and necessary.

9. Accordingly, by this Application, the Committee respectfully requests that this Court enter an Order authorizing the Committee to employ and retain Greenberg Traurig, as its attorneys, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, *nunc pro tunc* as of September 1, 2006.

## **SCOPE OF EMPLOYMENT**

10. The professional services that the Committee expects that Greenberg Traurig will be called upon to render include, but shall not be limited to, the following:

- (a) provide legal advice with respect to the Committee's rights, powers and duties in this case;

- (b) prepare all necessary applications, answers, responses, objections, orders, reports and other legal papers;

- (c) represent the Committee in any and all matters arising in the cases including any dispute or issue with the Debtors, alleged secured creditors and other third parties;

- (d) assist the Committee in its investigation and analysis of the Debtors, including but not limited to, the review and analysis of all pleadings, claims and/or plans of reorganization that may be filed in these cases and any negotiations or litigation that may arise out of or in connection with such matters, operations and financial affairs;

- (e) represent the Committee in all aspects of confirmation proceedings; and

- (f) perform all other legal services for the Committee that may be necessary or desirable in these proceedings.

11. As noted above, this Court has already approved the retention of Lowenstein Sandler as counsel to the Committee in these Cases. The services to be provided by Greenberg Traurig will not be duplicative of those provided by Lowenstein Sandler. Greenberg Traurig will coordinate any services performed with the services of Lowenstein Sandler, as appropriate, to minimize duplication of effort.

12. Subject to this Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as the Committee's co-counsel in these Cases to perform the services described above.

## GREENBERG TRAURIG DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

13. As set forth in greater detail in the Detweiler Affidavit, Greenberg Traurig has completed a conflicts check including the following names: (a) the Debtors and their non-debtor affiliates; (b) the Debtors' current officers and directors; (c) the Debtors' former (within the last five years) officers and directors; (d) the Debtors' professionals in these Cases; (e) the Debtors' twenty-five (25) largest unsecured creditors; (f) the members of the Committee; (g) the Debtors' significant customers; (h) the Debtors' significant shareholders and bondholders; (i) the Debtors' significant lessors; (j) the unions involved in these Cases; and (k) other significant parties in the Cases (collectively, the "Potentially Interested Parties"). A list of the Potentially Interested Parties, which was provided by Debtors' counsel, is attached to the Detweiler Affidavit as Attachment A. Greenberg Traurig compared the names of the Potentially Interested Parties against a list of Greenberg Traurig's current and former engagements, clients and adverse parties (the "Client Database"). The Committee understands that Greenberg Traurig is still in the process of comparing the names of the Potentially Interested Parties to the Client Database and will supplement the Detweiler Affidavit to the extent necessary.

14. To the best of the Committee's knowledge, based upon the Detweiler Affidavit and except as set forth herein, Greenberg Traurig (a) does not hold or represent any interest adverse to the Debtors or their Chapter 11 estates, their creditors, or any other party in interest and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.[1] Because Greenberg Traurig is a large firm with an international practice, the Committee

---

[1] Section 1103(b) of the Bankruptcy Code provides that proposed counsel to an official committee of unsecured creditors may not represent any other entity having an adverse interest in connection with the case. Greenberg Traurig has made this disclosure with respect to disinterestedness out of an abundance of caution and to the extent required by section 328(c) of the Bankruptcy Code.

is aware that Greenberg Traurig may represent, or may have represented, certain creditors of the Debtors' estates or other parties-in-interest in matters unrelated to the Debtors or these Cases.

15. To the best of the Committee's knowledge, (a) Greenberg Traurig's connections with those parties listed as Potentially Interested Parties are disclosed in the Detweiler Affidavit and (b) the Greenberg Traurig attorneys and other professionals who will work on this matter are not relatives of the Peter J. Walsh, the Bankruptcy Judge presiding over these Cases, the United States Trustee for Region 3, or any person employed in the Wilmington Office of the United States Trustee.

## **COMPENSATION**

16. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. See 11 U.S.C. § 328(a). Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the rules and other procedures that may be fixed by this Court, the Committee requests that Greenberg Traurig be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses Greenberg Traurig incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, photocopies, word processing, courier service, computer assisted research, docket and court filing fees, telecommunications, travel, court reporting charges, and any other incidental costs advanced by the firm specifically for these matters, at the rates commonly charged for such costs to other Greenberg Traurig clients. In addition, Greenberg Traurig has advised the Committee that it intends to seek compensation for all time and expenses associated with its retention as a

professional, including the preparation of this Application, the Detweiler Affidavit, and related documents, as well as any monthly fee statements or interim or final fee applications.

17. Greenberg Traurig has advised the Committee that the current hourly rates applicable to the principal attorneys and paralegals proposed to represent the Committee are:

| Professional | Rate Per Hour |
|---|---|
| Donald J. Detweiler* | $425 |
| Dennis A. Meloro | $300 |
| Elizabeth C. Thomas | $170 |

*Mr. Detweiler's rate at Saul Ewing was $385.00 per hour, subject to periodic increases.

Other attorneys and paralegals will render services to the Committee as needed. Generally, Greenberg Traurig's hourly rates are in the following ranges:

| Professional | Rate Per Hour |
|---|---|
| Shareholders | $235 to $750 |
| Associates | $130 to $480 |
| Legal Assistants/Paralegals | $65 to $230 |

18. The Committee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

19. Other than as set forth above, there is no proposed arrangement to compensate Greenberg Traurig in connection with its representation of the Committee.

**REQUEST FOR APPROVAL OF RETENTION OF
GREENBERG TRAURIG *NUNC PRO TUNC* AS OF SEPTEMBER 1, 2006**

20. The Committee requests that the approval of Greenberg Traurig's retention be approved *nunc pro tunc* as of September 1, 2006. Due to the size and complex nature of these Cases, Mr. Detweiler's ongoing familiarity with the issues in these cases, and the various motions pending before the Court during these Cases, there was an immediate need for Greenberg Traurig to perform services for the Committee as soon as Mr. Detweiler joined the

firm. Greenberg Traurig will not seek compensation for any services performed by Saul Ewing during this interim period. The Committee has sought authorization to retain Greenberg Traurig as soon as reasonably practicable. The Committee submits that these circumstances warrant such approval. See e.g., F/S Airlease II, Inc. v. Simon (IN re F/S Airlease II, Inc.), 844 F.2d 99, 103 (3rd Cir. 1988); Indian River Homes, Inc. v. Sussex Trust Co., 108 B.R. 46, 51 (D. Del. 1989).

## NOTICE AND REQUEST TO LIMIT NOTICE

21. Notice of the Application has been given to (i) counsel to the Debtors; (ii) the United States Trustee for the District of Delaware; (iii) counsel to the prepetition lenders; (iv) counsel to the debtor-in-possession lenders; and (v) all parties who have requested notice of the pleadings filed in this case pursuant to FED. R. BANKR. P. 2002. The Committee submits that, given the nature of the relief requested, no further notice is necessary.

**WHEREFORE**, based upon the foregoing, the Committee respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting this Application, (b) authorizing the Committee to retain and employ Greenberg Traurig in these Cases, *nunc pro tunc* as of September 1, 2006, and (c) granting such other and further relief as this Court may deem just and proper.

GREENBERG TRAURIG, LLP

Donald J. Detweiler (No. 3087)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 661-7667
Facsimile: (302) 661-7360

Date: September 6, 2006