IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) | Case No. 05-12685 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Ref. Docket No. 1575 |

**ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105 AND 363: (A) APPROVING THE CONTRACT FOR THE SALE OF CERTAIN REAL PROPERTY; (B) APPROVING THE DEBTORS SALE OF CERTAIN REAL PROPERTY SUBJECT TO HIGHER OR BETTER OFFERS; (C) AUTHORIZING THE DEBTORS TO EXERCISE A CERTAIN PURCHASE OPTION; AND (D) GRANTING RELATED RELIEF**

Upon the *Motion For an Order Pursuant to Bankruptcy Code Sections 105 and 363: (A) Approving the Contract for the Sale of Certain Real Property; (B) Approving the Debtors Sale of Certain Real Property Subject to Higher or Better Offers; (C) Authorizing the Debtors to Exercise a Certain Purchase Option; and (D) Granting Related Relief* (the "Motion"), filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), and the Debtors and the Buyer[1] having agreed to enter into the Sale Contract, a copy of which is hereto annexed as Exhibit A; and due and sufficient notice having been given to all parties-in-interest; and any objections to the relief requested in the Motion having been withdrawn or resolved and to the extent not withdrawn or resolved, are hereby overruled; and it appearing that entry into the Sale Contract and sale of the Property to the Buyer, are in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and sufficient cause appearing therefor,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY FOUND AND DETERMINED THAT:

A. It is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties-in-interest to grant the relief requested in the Motion and authorize the Debtors to exercise the Purchase Option and to enter into the Sale Contract;

B. To the extent any inconsistency arises as between this Order and the Sale Contract, this Order shall control;

C. The Sale Contract was negotiated, proposed and entered into by the Debtors and Buyer in good faith and from arm's length bargaining positions;

D. The Purchase Price to be paid by Buyer under the Sale Contract has been subjected to higher and better offers through a process reasonably calculated to attract other potential purchasers. The Purchase Price is fair and reasonable, is the highest or otherwise best offer for the Property, and constitutes reasonably equivalent value and reasonable market value for the Property;

E. The Buyer is a buyer in good faith with respect to the Property, as that term is used in 11 U.S.C. § 363(m). The Buyer meets the standards of "good faith" which were enumerated by the United States Court of Appeals for the Third Circuit in In re Abbotts Dairies of Pa., Inc., 788 F.3d 143 (3d Cir. 1986);

F. As a condition to purchasing the Property, Buyer requires the Property be sold free and clear of all liens, claims, interests, or encumbrances thereon and any presently existing liens; and

G. All of the requirements of 11 U.S.C. § 363 have been met with respect to the Sale.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The relief requested in the Motion is granted;

2. The Debtors are authorized to exercise the Purchase Option;

3. The Sale Contract, each of its terms and conditions, and each of the transactions contemplated therein are approved in their entirety;

4. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to perform their obligations under and comply with the terms of the Sale Contract and consummate the sale of the Property to the Buyer pursuant to and in accordance with the terms and conditions of the Sale Contract;

5. The Debtors are authorized to execute and deliver, and empowered to perform under, consummate and implement, the Sale Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale Contract, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Sale Contract;

6. Notwithstanding anything set forth to the contrary in the Sale Contract, the Buyer understands and agrees that the Debtors are conveying their rights to the Property "as is", except as otherwise set forth in the Sale Contract;

7. Pursuant to 11 U.S.C. § 363(f), the sale by the Debtors of the Property to the Buyer is free and clear of all liens, claims, interests, or encumbrances thereon and any presently existing liens;

8. The Buyer is hereby deemed to be a good faith purchaser of the Property and is entitled to the protections of 11 U.S.C. § 363(m);

9. The Debtors are authorized to pay the Brokerage Fee in the amount of six percent (6%) for the first $1,000,000 of the Purchase Price, and three percent (3%) for any additional amount;

10. The ten (10) day stay pursuant to Bankruptcy Rule 6004(g) is waived, this Order shall be effective immediately;

11. The Debtors and the Buyer are authorized to take any and all actions as may be necessary or desirable to implement the Sale Contract and each of the transactions contemplated thereunder; and

12. This Court hereby retains jurisdiction over the Buyer and the Debtors to enforce the Sale Contract.

Dated: Wilmington, Delaware
         Oct 5        , 2006

_____
Peter J. Walsh
United States Bankruptcy Judge