# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, ) | Case No. 05-12685 (PJW) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

## NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT, (ii) DEADLINE FOR VOTING ON THE DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION, (iii) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (iv) LAST DATE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:     ALL HOLDERS OF CLAIMS IN CLASS 3 AND INTERESTS IN CLASSES 9 AND 10

**PLEASE TAKE NOTICE THAT YOUR VOTE IS BEING SOLICITED IN CONNECTION WITH THE SECOND AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE (THE "PLAN") OF FOAMEX INTERNATIONAL INC., FOAMEX L.P., FOAMEX LATIN AMERICA, INC., FOAMEX ASIA, INC., FMXI, INC., FOAMEX CARPET CUSHION LLC, FOAMEX CAPITAL CORPORATION, FOAMEX MEXICO, INC., AND FOAMEX MEXICO II, INC. YOU SHOULD CAREFULLY REVIEW THE MATERIAL SET FORTH IN THE DISCLOSURE STATEMENT, WHICH IS INCLUDED IN .PDF FORMAT ON THE CD-ROM ENCLOSED HEREWITH (AND IN THE EXHIBITS ATTACHED THERETO) IN ORDER TO MAKE AN INDEPENDENT DETERMINATION AS TO WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN. THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.**

### APPROVAL OF DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that, by Order dated November__, 2006 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *Second Amended Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated November 27, 2006 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

## DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE FURTHER NOTICE that, pursuant to the Disclosure Statement Order, the Court established 4:00 p.m. prevailing Eastern Time on January 4, 2007 (the "Voting Deadline") as the deadline by which Ballots[1] accepting or rejecting the Plan must actually be received provided, however, that beneficial owners of Senior Secured Notes or Common Stock that receive a Beneficial Owner Ballot from a bank or brokerage firm (or its agent) shall return the Ballot to such bank or brokerage firm (or its agent) not later than December 28, 2006 (the "Beneficial Owner Deadline"). To be counted, your original signed Ballot (a Ballot to be completed by you is enclosed herewith) must actually be received on or before the Voting Deadline by Bankruptcy Services LLC (the "Balloting Agent") at Bankruptcy Services LLC, Attn: Foamex Balloting, 757 Third Avenue, 3rd Floor, New York, NY 10017 or the Beneficial Owner Deadline, in accordance with the procedures set forth in your Ballot, as applicable. Ballots received by facsimile or e-mail will not be counted.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on January 18, 2007 at 9:30 a.m. prevailing Eastern Time or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Peter J. Walsh, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 6th Floor, Wilmington, Delaware 19801 to consider confirmation of the plan, as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

PLEASE TAKE FURTHER NOTICE that the Plan contains the release, injunctive and exculpation provisions set forth below:

### Mutual Releases.

**On the Effective Date, (a) the Debtors and the Reorganized Debtors, on behalf of themselves and their estates, (b) all of the Debtors' and the Reorganized Debtors' respective officers, directors, employees, partners, advisors, attorneys, financial advisors, accountants and other professionals, (c) the members of, and counsel and financial advisors to, the Creditors' Committee, (d) the Significant Equityholders and their counsel and financial advisors, (e) if Class 3 votes to accept the Plan, the Senior Secured Notes Indenture Trustee and its counsel, (f) if Class 3 votes to accept the Plan, the members of, and counsel and financial advisors to, the Ad Hoc Committee of Senior Secured Noteholders, and (g) the DIP Lenders and DIP Agents and their respective attorneys and advisors, in each case, in their respective capacities as such, (collectively clauses (a) through (g) being the "Released Parties," and each a "Released Party" and, collectively, clauses (b) through (g) being the "Non-Debtor Released Parties" and each a "Non-Debtor Released Party") shall be deemed to and hereby unconditionally and irrevocably release each other from any**

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

and all claims, obligations, suits, judgments, damages, rights, Causes of Action and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon actions taken in their respective capacities described above or any omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan, except that (i) no individual shall be released from any act or omission that constitutes gross negligence or willful misconduct, (ii) the Reorganized Debtors shall not relinquish or waive the right to assert any of the foregoing as a legal or equitable defense or right of set-off or recoupment against any Claims of any such Persons asserted against the Debtors or the Reorganized Debtors, (iii) the foregoing release shall not apply to any express contractual or financial obligations owed to the Debtors or Reorganized Debtors or any right or obligation arising under or that is part of the Plan or an agreement entered into pursuant to, in connection with or contemplated by, the Plan, (iv) the obligations under the indemnity and other provisions of the DIP Credit Facilities that by their terms shall survive the termination of the DIP Credit Facilities shall continue to exist in accordance with their terms, and (v) the obligations of Foamex International and Reorganized Foamex International under the indemnity and other provisions of the Equity Commitment Agreement shall continue to exist in accordance with their terms.

### Releases by non-Debtors of Non-Debtor Released Parties.

On and as of the Effective Date, all Persons who (i) are not entitled to vote to accept or reject the Plan and do not opt-out of the releases provided for in this paragraph in accordance with the procedures set forth in the order approving the Disclosure Statement, (ii) are entitled to vote to accept or reject the Plan as set forth on the relevant Ballot and vote to accept the Plan as set forth on the relevant Ballot, and (iii) are entitled to vote to accept or reject the Plan as set forth on the relevant Ballot but do not submit a Ballot with respect to the Plan and do not opt-out of the releases provided for in this paragraph in accordance with the procedures set forth in the order approving the Disclosure Statement shall be deemed, by virtue of their treatment contemplated under the Plan, to have forever released and covenanted not to (y) sue or otherwise seek recovery from any Non-Debtor Released Party on account of any Claim or Interest, including but not limited to any claim based upon tort, breach of contract, violations of federal or state securities laws or otherwise, based upon any act, occurrence, or failure to act from the beginning of time through the Effective Date in any way relating to the Debtors or their business and affairs or (z) assert against any Non-Debtor Released Party any claim, obligation, right, Cause of Action or liability that any holder of a Claim or Interest may be entitled to assert, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part on any act or omission, transaction, or occurrence from the beginning of time through the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan; provided, however, that (i) none of the Non-Debtor Released Parties shall be released from any claim based on any act or omission that constitutes gross negligence or willful misconduct, (ii) the foregoing release shall not apply to rights or obligations arising under or that are part of the Plan or an agreement entered into pursuant to, in connection with, or contemplated by, the Plan and (iii) the foregoing release shall not be construed to prohibit a party in interest from seeking to enforce the terms of the Plan or an agreement entered into pursuant to, in connection with, or contemplated by, the Plan. Notwithstanding anything to the contrary in this Plan, the releases of the Non-Debtor Released Parties shall extend only to claims arising against such Non-Debtor Released Parties in their capacities as parties in interest in the Chapter 11 Cases.

### Exculpation.

## Exculpation and Limitation of Liability.

The Debtors, the Reorganized Debtors, the Non-Debtor Released Parties, the Exit Facilities Agent and the other arrangers and lender parties for each of the Exit Facilities (i) shall have no liability whatsoever to any holder or purported holder of an Administrative Claim, Claim, or Equity Interest for any act or omission in connection with, or arising out of, the Plan, the Disclosure Statement, the negotiation of the Plan, the negotiation of the Plan Supplement Documents, the Equity Commitment Agreement, the Put Option Agreement, the Exit Facility Commitment Agreement, the Rights Offering, the Rights Offering Documents, the pursuit of approval of the Disclosure Statement or the solicitation of votes for confirmation of the Plan, the Chapter 11 Cases, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, or any transaction contemplated by the Plan or Disclosure Statement or in furtherance thereof except for any act or omission that constitutes gross negligence or willful misconduct as determined by a Final Order, and (ii) in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting any of the Released Parties, the Exit Facilities Agent or the other arranger and lender parties for each of the Exit Facilities from liability.

## Limitation of Governmental Releases.

Notwithstanding Articles VIII.K, VIII.L and VIII.M.1 of the Plan, the Plan shall not release, discharge, or exculpate any non-Debtor party from any debt owed to the United States Government and/or its agencies, including the PBGC (the "Government"), or from any liability arising under the Internal Revenue Code, ERISA, as amended, or the environmental laws, securities laws or criminal laws of the United States. In addition, notwithstanding Articles VIII.K, VIII.L and VIII.M.1 of the Plan, the Plan shall not enjoin or prevent the Government from collecting any such liability from any such non-Debtor party.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before January 4, 2007 at 4:00 p.m.:

Foamex International Inc.
1000 Columbia Avenue
Linwood, PA 19061
Attn: Gregory J. Christian, Esq.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Co-Counsel to the Debtors and Debtors in
    Possession
1285 Avenue of the Americas
New York, NY 10019-6064
Attn:    Alan W. Kornberg, Esq.
         Brian S. Hermann, Esq.

Young Conaway Stargatt & Taylor, LLP
Co-Counsel to the Debtors and Debtors in
  Possession
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
Attn:    Pauline K. Morgan, Esq.
         Joseph M. Barry, Esq.

Lowenstein Sandler PC
Co-Counsel to the Official Creditors'
  Committee
65 Livingston Avenue
Roseland, NJ 07068-1791
Attn:    Kenneth A. Rosen, Esq.
         Paul Kizel, Esq.

Richards, Layton & Finger, P.A.
Co-Counsel to the Ad Hoc Committee of
  Senior Secured Noteholders
One Rodney Square
920 North King Street
Wilmington, DE 19801
Attn:    John H. Knight, Esq.

Schulte Roth & Zabel LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Third Avenue
New York, NY 10022
Attn:    Frederic L. Ragucci, Esq.

Landis Rath & Cobb, LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Market Street, Suite 600
Wilmington, DE 19899
Attn:    Adam C. Landis, Esq.

Morris Nichols Arsht & Tunnell LLP
Co-Counsel to the Significant Equityholders
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Attn:    William H. Sudell, Esq.

Cahill Gordon & Reindel LLP
Counsel to the Proposed Exit Lenders
Eighty Pine Street
New York, NY 10005
Attn:    Susanna M. Suh, Esq.

Greenberg Traurig, LLP
  Co-Counsel to the Official Creditors' Committee
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
Attn:    Donald J. Detweiler, Esq.

Schulte Roth & Zabel LLP
Co-Counsel to the Ad Hoc Committee of
  Senior Secured Noteholders
919 Third Avenue
New York, NY 10022
Attn:    Adam Harris, Esq.

Kaye Scholer LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
425 Park Avenue
New York, NY 10022-3598
Attn:    Marc D. Rosenberg, Esq.
         Albert M. Fenster, Esq.

Buchanan Ingersoll & Rooney
Co-Counsel to the agents for the Debtors'
  postpetition lenders
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Attn:    Jami B. Nimeroff, Esq.

Cleary Gottlieb Steen & Hamilton LLP
Co-Counsel to the Significant Equityholders
One Liberty Plaza
New York, NY 10006
Attn:    James L. Bromley, Esq.

Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
Attn:    David L. Buchbinder, Esq.

## ADDITIONAL COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that additional copies of the Plan and Disclosure Statement may be obtained, in hard-copy format, at the Debtors' expense, by contacting Bankruptcy Services LLC (i) by first class mail addressed to 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention: Foamex Balloting or (ii) by telephoning Bankruptcy Services, LLC at (646) 282-2500. In addition, copies of the Disclosure Statement and the Plan may be found on Bankruptcy Services, LLC's website, www.bsillc.com, on the Debtors' website, www.foamex.com, and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

Dated: Wilmington, Delaware  
November 27, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP  
Pauline K. Morgan (No. 3650)  
Joseph M. Barry (No. 4221)  
The Brandywine Building  
1000 West Street, 17th Floor  
Wilmington, DE 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP  
Alan W. Kornberg  
Brian S. Hermann  
1285 Avenue of the Americas  
New York, NY 10019-6064  
Telephone: (212) 373-3000  
Facsimile: (212) 757-3990

Counsel for the Debtors and Debtors in Possession

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) | Case No. 05-12685 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT, (ii) DEADLINE AND PROCEDURE FOR ELECTING TO BE EXCLUDED FROM NON-DEBTOR RELEASE PROVISION OF THE PLAN, (iii) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (iv) LAST DATE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:     ALL HOLDERS OF ADMINISTRATIVE CLAIMS, PRIORITY TAX CLAIMS, DIP FINANCING CLAIMS, AND CLAIMS AND EQUITY INTERESTS IN CLASSES 1, 2, 4 THROUGH 8 AND 11

### APPROVAL OF DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that, by Order dated November___, 2006 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *Second Amended Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated November 27, 2006 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

### CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on January 18, 2007 at 9:30 a.m. prevailing Eastern Time or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Peter J. Walsh, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 6th Floor, Wilmington, Delaware 19801 to consider confirmation of the Debtors' *Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as amended, the "Plan"), as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made in open court. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## CLASSES OF INTERESTS ENTITLED TO VOTE

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Plan and the Bankruptcy Code, holders of Administrative Claims, Priority Tax Claims, DIP Financing Claims and Claims and Equity Interests in Classes 1, 2, 4 through 8 and 11 are unimpaired, are conclusively presumed to have accepted the Plan and, thus, are not entitled to vote on the Plan. Only the holders of impaired Claims in Class 3 and impaired Interests in Classes 9 and 10 are entitled to vote to accept or to reject the Plan. You have been sent this notice because you may be a holder of an Administrative Claim, a Priority Tax Claim, a DIP Financing Claim or a Claim or Equity Interest in Classes 1, 2, 4, 5, 6, 7, 8 or 11.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

PLEASE TAKE FURTHER NOTICE that the Plan proposes to modify the rights of certain creditors and equity securities holders of the Debtors. The Plan establishes the following classes of Claims and Interests[1] with the following treatment:[2]

### Unclassified — Administrative Claims

Administrative Claims are any rights to payment constituting a cost or expense of administration of the Chapter 11 Cases of a kind specified under section 503(b) of the Bankruptcy Code and entitled to priority under section 507(a)(1), 507(b) or 1114(e)(2) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving the Estates, any actual and necessary costs and expenses of operating the Debtors' business, any Substantial Contribution Claims, any indebtedness or obligations incurred or assumed by the Debtors in Possession in connection with the conduct of their business, including, without limitation, for the acquisition or lease of property or an interest in property or the rendition of services, all valid and existing reclamation claims, all compensation and reimbursement of expenses to the extent awarded by the Court under sections 330, 331 or 503 of the Bankruptcy Code, and any fees or charges assessed against the Debtors' Estates under section 1930 of title 28 of the United States Code, but excluding any Senior Secured Notes Adequate Protection Payments.

Except with respect to Administrative Claims that are Fee Claims, each holder of an Allowed Administrative Claim shall receive (a) Cash in an amount equal to the amount of such Allowed Administrative Claim on the later of the Initial Distribution Date and the date such Administrative Claim becomes an Allowed Administrative Claim, or as soon thereafter as is practicable, or (b) such other treatment as the Debtors and such holder shall have agreed upon, which treatment shall be reasonably acceptable to the Significant Equityholders; provided, however, that Allowed Ordinary Course Administrative Claims shall be paid in full in the ordinary course of business of the Reorganized Debtors in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to, such transactions.

The Confirmation Order will establish a bar date for filing applications for the allowance of Administrative Claims (except for Fee Claims, Ordinary Course Administrative Claims, Substantial Contribution Claims and any fees or charges assessed against the Estates under section 1930 of title 28 of

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

[2]   For a complete description of the Plan provisions, reference should be made to the Plan and Disclosure Statement, copies of which can be obtained by the methods described at the end of this Notice.

the United States Code), which date (the "Administrative Claims Bar Date") will be the first business day that is forty-five (45) days after the Confirmation Date. Holders of Administrative Claims, except for Fee Claims, Ordinary Course Administrative Claims, Substantial Contribution Claims and any fees or charges assessed against the Estates under section 1930 of title 28 of the United States Code, not paid prior to the Confirmation Date shall submit requests for payment on or before the Administrative Claims Bar Date or forever be barred from doing so and from receiving payment thereof. The notice of Confirmation to be delivered pursuant to Bankruptcy Rules 3020(c) and 2002(f) will set forth the Administrative Claims Bar Date and constitute notice of the Administrative Claims Bar Date. The Reorganized Debtors shall have until the Claims Objection Deadline (or such longer period as may be allowed by order of the Court) to review and object to all Administrative Claims.

(a) Fee Claims. Fee Claims means an Administrative Claim under sections 330(a), 331 or 503 of the Bankruptcy Code for compensation of a professional or other person for services rendered or expenses incurred in the Chapter 11 Cases on or prior to the Confirmation Date, including the reasonable non-legal expenses of the individual members of the Creditors' Committee incurred in the discharge of their duties as members of the Creditors' Committee, but excluding any Substantial Contribution Claims, Senior Secured Notes Adequate Protection Payments (which shall be paid in accordance with the DIP Order) and fees and expenses to be paid under the Exit Facility Commitment Letter and the Equity Commitment Agreement (which fees and expenses shall be paid in accordance with the terms of the Exit Facility Commitment Letter and the Equity Commitment Agreement, as applicable). All requests for compensation or reimbursement of Fee Claims pursuant to sections 327, 328, 330, 331, 503 or 1103 of the Bankruptcy Code for services rendered prior to the Confirmation Date shall be filed and served on the Reorganized Debtors and their counsel, the United States Trustee, counsel to the Creditors' Committee, counsel to the Significant Equityholders and the Exit Facilities Agent and such other entities who are designated by the Bankruptcy Rules, the Confirmation Order or any other order(s) of the Court, no later than forty-five (45) days after the Confirmation Date. Holders of Fee Claims that are required to file and serve applications for final allowance of their Fee Claims and that do not file and serve such applications by the required deadline shall be forever barred from asserting such Fee Claims against the Debtors, the Reorganized Debtors or their respective properties, and such Fee Claims shall be deemed discharged as of the Effective Date. Objections to any Fee Claims must be filed and served on the Reorganized Debtors and their counsel and the requesting party no later than thirty (30) days (or such longer period as may be allowed by order of the Court) after the date on which an application for final allowance of such Fee Claims was filed and served.

(b) Substantial Contribution Claims. All requests for compensation or reimbursement of Substantial Contribution Claims shall be filed and served on the Reorganized Debtors and their counsel, the United States Trustee, counsel to the Significant Equityholders, counsel to the Exit Facilities Agent and such other entities who are designated by the Bankruptcy Rules, the Confirmation Order or any other order(s) of the Court, no later than forty-five (45) days after the Effective Date. Unless such deadline is extended by agreement of the Reorganized Debtors, holders of Substantial Contribution Claims that are required to file and serve applications for final allowance of their Substantial Contribution Claims and that do not file and serve such applications by the required deadline shall be forever barred from asserting such Substantial Contribution Claims against the Debtors, the Reorganized Debtors or their respective properties, and such Substantial Contribution Claims shall be deemed discharged as of the Effective Date. Objections to any Substantial Contribution Claims must be filed and served on the Reorganized Debtors and their counsel and the requesting party no later than thirty (30) days (or such longer period as may be allowed by the Reorganized Debtors or by order of the Court) after the date on which an application for final allowance of such Substantial Contribution Claims was filed and served.

## Unclassified — Priority Tax Claims

A Priority Tax Claim consists of any Claim that is entitled to a priority in right of payment under section 502(i) or 507(a)(8) of the Bankruptcy Code.

Except to the extent that a holder of an Allowed Priority Tax Claim agrees to a different treatment, which shall be reasonably acceptable to the Significant Equityholders and the Exit Facilities Agent, or the Court has previously ordered otherwise, each holder of an Allowed Priority Tax Claim shall receive, at the sole option of the Reorganized Debtors, (a) Cash in an amount equal to such Allowed Priority Tax Claim plus Post-Petition Interest on the later of the Initial Distribution Date and the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, or as soon thereafter as is practicable, or (b) over a period through the sixth anniversary of the date of assessment of such Allowed Priority Tax Claim, deferred Cash payments in an aggregate amount equal to such Allowed Priority Tax Claim plus Post-Petition Interest, plus interest on such aggregate amount over such period at the same rate as such Post-Petition Interest. All Allowed Priority Tax Claims which are not due and payable on or before the Effective Date shall be paid in the ordinary course of business without Post-Petition Interest, in accordance with the terms thereof.

## Unclassified — DIP Financing Claims

DIP Financing Claims means all Claims arising under or relating to the DIP Credit Facilities and all agreements and instruments relating thereto.

On the Effective Date, except to the extent that the holders of the DIP Financing Claims and the Debtors agree to a different treatment, which shall be reasonably acceptable to the Significant Equityholders and the Exit Facilities Agent, the holders of the DIP Financing Claims, or their designee(s), shall receive payment in full in Cash of all DIP Financing Claims in full and final satisfaction thereof other than the obligations under the indemnity and other provisions of the DIP Credit Facilities that by their terms survive the termination of the DIP Credit Facilities.

## Class 1 — Other Priority Claims

Other Priority Claims are Claims that are entitled to priority pursuant to section 507(a) of the Bankruptcy Code – other than Administrative Claims and Priority Tax Claims. Such claims may include (i) unsecured Claims for accrued employee compensation earned within 180 days prior to commencement of these Chapter 11 Cases to the extent of $10,000 per employee and (ii) contributions to employee benefit plans arising from services rendered within 180 days prior to the commencement of these Chapter 11 Cases, but only for each such plan to the extent of (a) the number of employees covered by such plan multiplied by $10,000, less (b) the aggregate amount paid to such employees as a priority for wages, salaries or commissions, plus the aggregate amount paid on behalf of such employees to other benefit plans.

Except to the extent that a holder of an Allowed Other Priority Claim and the Debtors agree to a different treatment, which shall be reasonably acceptable to the Significant Equityholders and the Exit Facilities Agent, each holder of an Allowed Other Priority Claim shall receive, in full and final satisfaction of such Claim, payment in full in Cash in an amount equal to such Allowed Other Priority Claim plus Post-Petition Interest on or as soon as practicable after the later of the Initial Distribution Date and the date when such Other Priority Claim becomes an Allowed Other Priority Claim. All Allowed Other Priority Claims which are not due and payable on or before the Effective Date shall be paid by the Reorganized Debtors in the ordinary course of business in accordance with the terms thereof.

Because the Court entered an order authorizing the Debtors to pay, among other things, unpaid prepetition employee compensation and benefits, the Debtors estimate that the Allowed Claims in Class 1 that are due and payable pursuant to the Plan on or before the Effective Date will be nominal, if any.

Class 1 is unimpaired under the Plan. Holders of Allowed Other Priority Claims in Class 1 are presumed to accept the Plan and are not entitled to vote to accept or reject the Plan.

### Class 2 — Other Secured Claims

Other Secured Claims means any Secured Claim (including a perfected mechanics lien), other than the DIP Financing Claims and the Senior Secured Note Claims, or, in the event that such Claim is subject to setoff under section 553 of the Bankruptcy Code, the amount of such Claim that is subject to such setoff.

Except to the extent that a holder of an Allowed Other Secured Claim and the Debtors agree to a different treatment, which shall be reasonably acceptable to the Significant Equityholders and the Exit Facilities Agent, at the sole option of the Debtors, in full and final satisfaction of such Claim, (i) each Allowed Other Secured Claim shall be reinstated and rendered unimpaired in accordance with section 1124(2) of the Bankruptcy Code, notwithstanding any contractual provision or applicable nonbankruptcy law that entitles the holder of an Allowed Other Secured Claim to demand or to receive payment of such Allowed Other Secured Claim prior to the stated maturity of such Allowed Other Secured Claim from and after the occurrence of a default, (ii) each holder of an Allowed Other Secured Claim shall receive Cash in an amount equal to such Allowed Other Secured Claim plus Post-Petition Interest in full and complete satisfaction of such Allowed Other Secured Claim on the later of the Initial Distribution Date and the date such Other Secured Claim becomes an Allowed Other Secured Claim, or as soon thereafter as is practicable, or (iii) each holder of an Allowed Other Secured Claim shall receive the Collateral securing its Allowed Other Secured Claim in full and complete satisfaction of such Allowed Other Secured Claim on the later of the Initial Distribution Date and the date such Other Secured Claim becomes an Allowed Other Secured Claim, or as soon thereafter as is practicable.

Class 2 is unimpaired under the Plan. The holders of Allowed Other Secured Claims in Class 2 are presumed to accept the Plan and are not entitled to vote to accept or reject the Plan.

### Class 3 — Senior Secured Note Claims

(a) Allowance and Treatment if Class 3 Votes to Accept the Plan. If Class 3 votes to accept the Plan, the Senior Secured Note Base Claim plus Post-Petition Interest shall be Allowed.

If Class 3 votes to accept the Plan, as part of the settlement among the Debtors, the Significant Equityholders, the Ad Hoc Committee of Senior Secured Noteholders and the Senior Secured Notes Indenture Trustee and pursuant to Bankruptcy Rule 9019, (i) the Senior Secured Note Premium Claim shall no longer be Disputed and instead shall be Allowed in an amount equal to the Senior Secured Note Premium Settlement Amount and (ii) the Debtors shall take all steps necessary to dismiss, with prejudice, the Senior Secured Note Premium Claim Litigation.

If Class 3 votes to accept the Plan, on the Initial Distribution Date, in full and final satisfaction and settlement of the Senior Secured Note Claims, each holder of an Allowed Senior Secured Note Claim shall receive, in addition to any deemed receipt of its pro rata share of the Senior Secured

Notes Adequate Protection Professional Payments, Cash in an amount equal to such holder's Allowed Senior Secured Note Base Claim plus Post-Petition Interest and such holder's pro rata share of the Senior Secured Note Premium Settlement Amount.

(b) <u>Allowance and Treatment if Class 3 Votes to Reject the Plan</u>. If Class 3 votes to reject the Plan, the Senior Secured Note Base Claim plus Post-Petition Interest shall be deemed Allowed.

If Class 3 votes to reject the Plan, on the Initial Distribution Date, in full and final satisfaction of the Senior Secured Note Base Claim, each holder of an Allowed Senior Secured Note Base Claim shall receive, in addition to any deemed receipt of its pro rata share of the Senior Secured Notes Adequate Protection Professional Payments, Cash in an amount equal to such holder's Allowed Senior Secured Note Base Claim plus Post-Petition Interest.

If Class 3 votes to reject the Plan, the Senior Secured Note Premium Claim shall be Disputed. On the Initial Distribution Date, the Debtors shall establish the Senior Secured Note Claims Reserve, which shall initially be funded with Cash or the Senior Secured Notes Letter of Credit in an amount to be determined by the Court at or prior to the Confirmation Hearing.

If Class 3 votes to reject the Plan, on the date on which the Senior Secured Note Premium Claim is Allowed by Final Order, or as soon as practicable thereafter, the full Allowed amount of the Senior Secured Note Premium Claim shall be paid in full in Cash with the Cash deposited in the Senior Secured Note Claim Reserve or from proceeds of the Senior Secured Notes Letter of Credit, as applicable. If the amount of Cash on deposit in the Senior Secured Note Claim Reserve or the proceeds of the Senior Secured Notes Letter of Credit is insufficient to make the required payments, then the Reorganized Debtors will pay Cash to the Senior Secured Note Indenture Trustee in an amount necessary to satisfy any such shortfall. Any residual amount remaining in the Senior Secured Note Claims Reserve after payment of the Allowed amount, if any, of the Senior Secured Note Premium Claim and any other required payments to be made by such Final Order or under the escrow agreement shall be returned to the Reorganized Debtors, and any unused portion of the Senior Secured Notes Letter of Credit shall not be drawn and the Senior Secured Notes Letter of Credit shall be canceled.

If Class 3 votes to reject the Plan and if the Senior Secured Note Premium Claim is disallowed by Final Order, then the amount remaining in the Senior Secured Note Claim Reserve after making any payments required to be made by such Final Order or under the escrow agreement shall be returned to the Reorganized Debtors, and the Senior Secured Notes Letter of Credit shall be canceled, as applicable, as soon as practicable following such disallowance.

Class 3 is Impaired under the Plan. The holders of Senior Secured Note Claims are entitled to vote to accept or reject the Plan.

### Class 4 — Senior Subordinated Note Claims

A Senior Subordinated Note Claims means, collectively, the 2005 Senior Subordinated Notes Claim and the 2007 Senior Subordinated Notes Claim.

The Senior Subordinated Note Claims shall be deemed Allowed in the aggregate amount of $208,150,130.55 which includes accrued and unpaid interest (at the applicable contract rate) on such Senior Subordinated Note Claims relating to the period up to but not including the Petition Date. On the Initial Distribution Date, in full and final satisfaction of such Claims, each holder of an Allowed Senior Subordinated Note Claim shall receive Cash in an amount equal to such holders' Senior Subordinated Notes Claim <u>plus</u> Post-Petition Interest.

The Debtors and the 2005 Indenture Trustee disagree about the appropriate method for calculating the Post-Petition Interest payable to the holders of the 2005 Senior Subordinated Notes. Specifically, the 2005 Indenture Trustee alleges that, under the 2005 Senior Subordinated Notes Indenture, the holders of the 2005 Senior Subordinated Notes are entitled to receive interest on unpaid post-petition interest compounded daily in the amount of approximately $1.5 million. The Debtors believe instead that, because the 2005 Senior Subordinated Note matured pre-petition, interest stopped accruing on the maturity date and, as a result, no compounding occurs post-petition. The Debtors further believe that no basis exists under the 2005 Senior Subordinated Notes Indenture for the 2005 Indenture Trustee's view that interest should compound daily. Unless this issue is resolved at or prior to the Confirmation Hearing, counsel to the 2005 Senior Subordinated Notes Indenture Trustee has informed counsel to the Debtors that the 2005 Senior Subordinated Notes Indenture Trustee intends to oppose confirmation of the Plan and requests that the Court determine the proper amount of post-petition interest payable on the 2005 Senior Subordinated Notes Claims.

Class 4 is unimpaired under the Plan. The holders of Allowed Senior Subordinated Note Claims are presumed to accept the Plan and are not entitled to vote to accept or reject the Plan.

### Class 5 — General Unsecured Claims

A General Unsecured Claim means an Unsecured Claim against any of the Debtors that is not an Administrative Claim, Priority Tax Claim, Other Priority Claim, Senior Subordinated Note Claim or Unliquidated Claim.

On the later of the Initial Distribution Date or the date on which such General Unsecured Claim becomes an Allowed General Unsecured Claim, or as soon as practicable thereafter, in full and final satisfaction of such Claim, each holder of an Allowed General Unsecured Claim will receive Cash in amount equal to such holder's Allowed General Unsecured Claim plus Post-Petition Interest. To the extent that insurance is available to satisfy an Allowed General Unsecured Claim, such Allowed General Unsecured Claim shall be paid in the ordinary course of the Reorganized Debtors' business to the extent of such insurance, without the need for Court approval, at such time as such claim becomes liquidated and the applicable insurance proceeds become available.

Class 5 is unimpaired under the Plan. Each holder of an Allowed General Unsecured Claim is presumed to accept the Plan and is not entitled to vote to accept or reject the Plan.

### Class 6 — Unliquidated Claims

An Unliquidated Claim is a timely and validly filed proof of claim, disputed by the Debtors, asserting an unliquidated or contingent Claim (which Claim numbers are set forth on Schedule A to the Plan) against one or more of the Debtors, to the extent and on the basis set forth in the proof of claim, and to the extent such Claim has not been disallowed by the Court and remains unliquidated and/or contingent on and as of the Effective Date, unless such claim has been disallowed by the Court. For the avoidance of doubt, (i) no Unliquidated Claim shall be an Allowed Claim or a General Unsecured Claim; (ii) no Claim shall be Unliquidated Claim unless so identified on Schedule A attached to the Plan (which Schedule A may be revised and amended from time to time up to the filing of the Plan Supplement); and (iii) each of the claims asserted and reflected in any consolidated proof of claim (to the extent such consolidated proof of claim is scheduled on Schedule A to the Plan) filed pursuant to paragraph 13 of the Bar Date Order shall be Unliquidated Claims.

All Unliquidated Claims shall be liquidated, determined and satisfied (to the extent required) in the ordinary course of business by the Reorganized Debtors, without the need for Court approval, including, where applicable, through access to available insurance. Holders of Unliquidated Claims that are liquidated, determined and satisfied in the ordinary course of business by the Reorganized Debtors shall be entitled to (and shall receive payment of) interest on such Claim solely to the extent provided for under applicable non-bankruptcy law.

On and after the Effective Date, holders of Unliquidated Claims may commence or continue any action, prosecute such action to judgment or settlement and/or pursue any such Unliquidated Claims, each solely to the extent and on the basis set forth in a timely and validly filed proof of claim, without prejudice to any defense, right of offset or other rights, claims or counterclaims available or belonging to the Reorganized Debtors.

Class 6 is unimpaired under the Plan. Each Holder of an Allowed Unliquidated Claim is presumed to accept the Plan and is not entitled to vote to accept or reject the Plan.

### Class 7 — Intercompany Claims

An Intercompany Claim means any Claim held by one Debtor (or a non-debtor that is a direct or indirect subsidiary of a Debtor) against any other Debtor(s), including, without limitation, (a) any account reflecting intercompany book entries by such Debtor (or non-debtor that is a direct or indirect subsidiary of such Debtor) with respect to any other Debtor(s), (b) any Claim not reflected in book entries that is held by such Debtor (or non-debtor that is a direct or indirect subsidiary of such Debtor), and (c) any derivative Claim asserted or assertable by or on behalf of such Debtor (or non-debtor that is a direct or indirect subsidiary of such Debtor) against any other Debtor(s).

All Intercompany Claims will remain outstanding and shall not be discharged by the Plan or the Confirmation Order, but shall instead be liquidated, determined and satisfied in accordance, and in a manner consistent, with the Debtors' historical practices as if the Chapter 11 Cases had not been commenced.

Class 7 is unimpaired under the Plan. The holders of Intercompany Claims are presumed to accept the Plan and are not entitled to vote to accept or reject the Plan.

### Class 8 — Equity Interests In Surviving Debtor Subsidiaries

Equity Interests in Surviving Debtor Subsidiaries means any equity security within the meaning of section 101(16) of the Bankruptcy Code or any other instrument evidencing an ownership interest in any of the Debtors that are subsidiaries of Foamex International, whether or not transferable, and any right to acquire any such equity security or instrument, including any option, warrant or other right, contractual or otherwise, to acquire, sell or subscribe for any such security or instrument in Debtors that are subsidiaries of Foamex International and are not dissolved pursuant to Section VII.M of the Plan.

The holders of Equity Interests in Surviving Debtor Subsidiaries shall retain such Equity Interests.

Class 8 is unimpaired under the Plan. The holders of Equity Interests in Surviving Debtor Subsidiaries are presumed to accept the Plan and are not entitled to vote to accept or reject the Plan.

### Class 9 — Existing Preferred Stock

Existing Preferred Stock means the outstanding Series B preferred stock, par value $1.00 per share, and having a liquidation preference of $100 per share, issued by Foamex International and outstanding immediately prior to the Effective Date.

Each share of Existing Preferred Stock in Foamex International to the extent still outstanding immediately prior to the Effective Date shall be converted into 100 shares of Additional Common Stock on the Effective Date and shall receive the treatment accorded to the holders of Existing Common Stock in Class 10.

Class 9 is Impaired under the Plan. The holder(s) of Existing Preferred Stock is entitled to vote to accept or reject the Plan.

### Class 10 — Existing Common Stock

Existing Common Stock means the common stock, par value $0.01 per share, issued by Foamex International, and outstanding prior to the Effective Date.

Existing Common Stock in Foamex International shall remain outstanding after the Effective Date (and shall become stock in Reorganized Foamex International after the Effective Date), subject to dilution as a result of the issuance of any Additional Common Stock.

Class 10 is Impaired under the Plan. The holders of Existing Common Stock are entitled to vote to accept or reject the Plan.

### Class 11 — Other Common Equity Interests in Foamex International

Other Common Equity Interests in Foamex International means any options, warrants or other rights (other than the Call Option) to acquire Existing Common Stock in existence on and as of the Effective Date.

Each holder of Other Common Equity Interests in Foamex International shall retain such Interests.

Class 11 is unimpaired under the Plan. The holders of Other Common Equity Interests are presumed to accept the Plan and are not entitled to vote to accept or reject the Plan.

PLEASE TAKE FURTHER NOTICE that the Plan contains the release, injunctive and exculpation provisions set forth below:

### Mutual Releases.

**On the Effective Date, (a) the Debtors and the Reorganized Debtors, on behalf of themselves and their estates, (b) all of the Debtors' and the Reorganized Debtors' respective officers, directors, employees, partners, advisors, attorneys, financial advisors, accountants and other professionals, (c) the members of, and counsel and financial advisors to, the Creditors' Committee, (d) the Significant Equityholders and their counsel and financial advisors, (e) if Class 3 votes to accept the Plan, the Senior Secured Notes Indenture Trustee and its counsel, (f) if Class 3 votes to accept the Plan, the members of, and counsel and financial advisors to, the Ad Hoc**

Committee of Senior Secured Noteholders, and (g) the DIP Lenders and DIP Agents and their respective attorneys and advisors, in each case, in their respective capacities as such, (collectively clauses (a) through (g) being the "Released Parties," and each a "Released Party" and, collectively, clauses (b) through (g) being the "Non-Debtor Released Parties" and each a "Non-Debtor Released Party") shall be deemed to and hereby unconditionally and irrevocably release each other from any and all claims, obligations, suits, judgments, damages, rights, Causes of Action and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon actions taken in their respective capacities described above or any omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan, except that (i) no individual shall be released from any act or omission that constitutes gross negligence or willful misconduct, (ii) the Reorganized Debtors shall not relinquish or waive the right to assert any of the foregoing as a legal or equitable defense or right of set-off or recoupment against any Claims of any such Persons asserted against the Debtors or the Reorganized Debtors, (iii) the foregoing release shall not apply to any express contractual or financial obligations owed to the Debtors or Reorganized Debtors or any right or obligation arising under or that is part of the Plan or an agreement entered into pursuant to, in connection with or contemplated by, the Plan, (iv) the obligations under the indemnity and other provisions of the DIP Credit Facilities that by their terms shall survive the termination of the DIP Credit Facilities shall continue to exist in accordance with their terms, and (v) the obligations of Foamex International and Reorganized Foamex International under the indemnity and other provisions of the Equity Commitment Agreement shall continue to exist in accordance with their terms.

        Releases by non-Debtors of Non-Debtor Released Parties.

        On and as of the Effective Date, all Persons who (i) are not entitled to vote to accept or reject the Plan and do not opt-out of the releases provided for in this paragraph in accordance with the procedures set forth in the order approving the Disclosure Statement, (ii) are entitled to vote to accept or reject the Plan as set forth on the relevant Ballot and vote to accept the Plan as set forth on the relevant Ballot, and (iii) are entitled to vote to accept or reject the Plan as set forth on the relevant Ballot but do not submit a Ballot with respect to the Plan and do not opt-out of the releases provided for in this paragraph in accordance with the procedures set forth in the order approving the Disclosure Statement shall be deemed, by virtue of their treatment contemplated under the Plan, to have forever released and covenanted not to (y) sue or otherwise seek recovery from any Non-Debtor Released Party on account of any Claim or Interest, including but not limited to any claim based upon tort, breach of contract, violations of federal or state securities laws or otherwise, based upon any act, occurrence, or failure to act from the beginning of time through the Effective Date in any way relating to the Debtors or their business and affairs or (z) assert against any Non-Debtor Released Party any claim, obligation, right, Cause of Action or liability that any holder of a Claim or Interest may be entitled to assert, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part on any act or omission, transaction, or occurrence from the beginning of time through the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan; provided, however, that (i) none of the Non-Debtor Released Parties shall be released from any claim based on any act or omission that constitutes gross negligence or willful misconduct, (ii) the foregoing release shall not apply to rights or obligations arising under or that are part of the Plan or an agreement entered into pursuant to, in connection with, or contemplated by, the Plan and (iii) the foregoing release shall not be construed to prohibit a party in interest from seeking to enforce the terms of the Plan or an agreement entered into pursuant to, in connection with, or contemplated by, the Plan. Notwithstanding anything to the contrary in this Plan, the releases of the Non-Debtor Released

Parties shall extend only to claims arising against such Non-Debtor Released Parties in their capacities as parties in interest in the Chapter 11 Cases.

### Exculpation.

### Exculpation and Limitation of Liability.

The Debtors, the Reorganized Debtors, the Non-Debtor Released Parties, the Exit Facilities Agent and the other arrangers and lender parties for each of the Exit Facilities (i) shall have no liability whatsoever to any holder or purported holder of an Administrative Claim, Claim, or Equity Interest for any act or omission in connection with, or arising out of, the Plan, the Disclosure Statement, the negotiation of the Plan, the negotiation of the Plan Supplement Documents, the Equity Commitment Agreement, the Put Option Agreement, the Exit Facility Commitment Agreement, the Rights Offering, the Rights Offering Documents, the pursuit of approval of the Disclosure Statement or the solicitation of votes for confirmation of the Plan, the Chapter 11 Cases, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, or any transaction contemplated by the Plan or Disclosure Statement or in furtherance thereof except for any act or omission that constitutes gross negligence or willful misconduct as determined by a Final Order, and (ii) in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting any of the Released Parties, the Exit Facilities Agent or the other arranger and lender parties for each of the Exit Facilities from liability.

### Limitation of Governmental Releases.

Notwithstanding Articles VIII.K, VIII.L and VIII.M.1 of the Plan, the Plan shall not release, discharge, or exculpate any non-Debtor party from any debt owed to the United States Government and/or its agencies, including the PBGC (the "**Government**"), or from any liability arising under the Internal Revenue Code, ERISA, as amended, or the environmental laws, securities laws or criminal laws of the United States. In addition, notwithstanding Articles VIII.K, VIII.L and VIII.M.1 of the Plan, the Plan shall not enjoin or prevent the Government from collecting any such liability from any such non-Debtor party.

PLEASE TAKE FURTHER NOTICE that you may, at your option, elect to be individually excluded from the "Releases by non-Debtors of Non-Debtor Released Parties" provision contained in Article VIII of the Plan and set forth above.

IN ORDER FOR YOUR OPT-OUT ELECTION OF THE "RELEASES BY NON-DEBTORS OF NON-DEBTOR RELEASED PARTIES" PROVISION OF THE PLAN TO BE EFFECTIVE, YOU MUST COMPLETE, SIGN AND DATE THE OPT-OUT ELECTION FORM ATTACHED HERETO AND MAIL IT SO THAT IT IS <u>ACTUALLY</u> RECEIVED BY BANKRUPTCY SERVICES LLC AT THE ADDRESS SET FORTH BELOW BY 4:00 P.M., PREVAILING EASTERN TIME, ON JANUARY 4, 2007:

BANKRUPTCY SERVICES LLC
757 Third Avenue, 3rd Floor
New York, New York 10017
Attn: Foamex Balloting

**OPT-OUT ELECTION FORMS SENT BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE EFFECTIVE.**

**YOU DO NOT NEED TO COMPLETE THE OPT-OUT ELECTION FORM OR TAKE ANY OTHER ACTION IF YOU CONSENT TO THE "RELEASES BY NON-DEBTORS OF NON-DEBTOR RELEASED PARTIES" PROVISION OF THE PLAN. SIMILARLY, IF YOU DO NOT COMPLETE AND RETURN THE OPT-OUT ELECTION FORM BY THE DATE AND TIME SET FORTH ABOVE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE "RELEASES BY NON-DEBTORS OF NON-DEBTOR RELEASED PARTIES" PROVISION CONTAINED IN THE PLAN. YOUR ELECTION TO BE INDIVIDUALLY EXCLUDED FROM THE "RELEASES BY NON-DEBTORS OF NON-DEBTOR RELEASED PARTIES" PROVISION OF THE PLAN WILL NOT AFFECT THE AMOUNT OF, OR YOUR QUALIFICATION TO RECEIVE, YOUR DISTRIBUTION UNDER THE PLAN.**

PLEASE TAKE FURTHER NOTICE that the Plan contains the following procedure for the resolution of post-petition interest disputes:

### Procedure for Resolution of Post-Petition Interest Disputes.

On the later of the Initial Distribution Date or the date on which a General Unsecured Claim becomes an Allowed General Unsecured Claim, or as soon as practicable thereafter, the Reorganized Debtors shall pay the Allowed amount of such General Unsecured Claim plus Post-Petition Interest at the Federal Judgment Rate. To the extent any holder of an Allowed Class 5 General Unsecured Claim believes that it is entitled to Post-Petition Interest at an interest rate other than the Federal Judgment Rate, the holder of such Allowed General Unsecured Claim must timely file and serve on the Debtors at the addresses set forth in Article X.J of the Plan a Post-Petition Interest Rate Determination Notice by the later of (i) twenty (20) days after the Effective Date and (ii) ten (10) days after such General Unsecured Claim becomes an Allowed Claim. The Debtors or Reorganized Debtors, as applicable, will have the opportunity to review and dispute the Post-Petition Interest Rate Determination Notice and shall file any objection to the Post-Petition Interest Rate Determination Notice no later than sixty (60) days after the receipt of such notice. In objecting to the Post-Petition Interest Rate Determination Notice, the Debtors or Reorganized Debtors, as applicable, may assert that the holder of the Claim that filed the Post-Petition Interest Rate Determination Notice is entitled to no Post-Petition Interest under applicable law, and the Court may find that no Post-Petition Interest is required and order that none shall be paid on account of such Allowed General Unsecured Claim.

If the Debtors or Reorganized Debtors, as applicable, determine that the interest rate asserted in the Post-Petition Interest Rate Determination Notice is appropriate, the Debtors may file a certificate of no objection at any time with respect to such notice and pay Post-Petition Interest at the rate requested in the Post-Petition Interest Rate Determination Notice. No hearing is required by the Court with respect to any Post-Petition Interest Rate Determination Notice for which a certificate of no objection is filed or for which the Debtors or Reorganized Debtors, as applicable, do not file a timely objection.

If the Debtors or Reorganized Debtors, as applicable, file an objection to the Post-Petition Interest Rate Determination and no stipulation or agreement is reached with respect to the appropriate rate of Post-Petition Interest for such Allowed General Unsecured Claim, the Debtors or Reorganized Debtors, as applicable, may ask the Court to schedule a hearing on the particular Post-Petition Interest Rate Determination Notice and the related objection at an appropriate time.

The Debtors or Reorganized Debtors, as applicable, and the holder of the Allowed General Unsecured Claim that filed the Post-Petition Interest Rate Determination Notice at any time may enter into a stipulation or agreement as to the appropriate rate of Post-Petition Interest with respect to such Allowed Claim, without further action of the Court.

In no event shall a holder of a General Unsecured Claim be entitled to any interest on such Claim from and after the Effective Date, including, without limitation, interest on any amounts payable by the Reorganized Debtors upon the resolution of any Post-Petition Interest Rate Determination Notice.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before January 4, 2007 at 4:00 p.m.:

Foamex International Inc.
1000 Columbia Avenue
Linwood, PA 19061
Attn: Gregory J. Christian, Esq.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Co-Counsel to the Debtors and Debtors in
   Possession
1285 Avenue of the Americas
New York, NY 10019-6064
Attn:   Alan W. Kornberg, Esq.
           Brian S. Hermann, Esq.

Young Conaway Stargatt & Taylor, LLP
Co-Counsel to the Debtors and Debtors in
   Possession
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
Attn:   Pauline K. Morgan, Esq.
           Joseph M. Barry, Esq.

Greenberg Traurig, LLP
Co-Counsel to the Official Creditors' Committee
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
Attn:   Donald J. Detweiler, Esq.

Lowenstein Sandler PC
Co-Counsel to the Official Creditors'
   Committee
65 Livingston Avenue
Roseland, NJ 07068-1791
Attn:   Kenneth A. Rosen, Esq.
           Paul Kizel, Esq.

Schulte Roth & Zabel LLP
Co-Counsel to the Ad Hoc Committee of
   Senior Secured Noteholders
919 Third Avenue
New York, NY 10022
Attn:   Adam Harris, Esq.

Richards, Layton & Finger, P.A.
Co-Counsel to the Ad Hoc Committee of
  Senior Secured Noteholders
One Rodney Square
920 North King Street
Wilmington, DE 19801
Attn:   John H. Knight, Esq.

Schulte Roth & Zabel LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Third Avenue
New York, NY 10022
Attn:   Frederic L. Ragucci, Esq.

Landis Rath & Cobb, LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Market Street, Suite 600
Wilmington, DE 19899
Attn:   Adam C. Landis, Esq.

Morris Nichols Arsht & Tunnell LLP
Co-Counsel to the Significant Equityholders
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Attn:   William H. Sudell, Esq.

Cahill Gordon & Reindel LLP
Counsel to the Proposed Exit Lenders
Eighty Pine Street
New York, NY 10005
Attn:   Susanna M. Suh, Esq.

Kaye Scholer LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
425 Park Avenue
New York, NY 10022-3598
Attn:   Marc D. Rosenberg, Esq.
          Albert M. Fenster, Esq.

Buchanan Ingersoll & Rooney
Co-Counsel to the agents for the Debtors'
  postpetition lenders
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Attn:   Jami B. Nimeroff, Esq.

Cleary Gottlieb Steen & Hamilton LLP
Co-Counsel to the Significant Equityholders
One Liberty Plaza
New York, NY 10006
Attn:   James L. Bromley, Esq.

Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
Attn:   David L. Buchbinder, Esq.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that copies of the Plan and Disclosure Statement may be obtained by parties in interest at the Debtors' expense upon written request to Bankruptcy Services LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention: Foamex Balloting. In addition, copies of the Disclosure Statement and the Plan may be found on Bankruptcy Services LLC's website, www.bsillc.com, on the Debtors' website, www.foamex.com, and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

Dated:  Wilmington, Delaware
        November 27, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Pauline K. Morgan (No. 3650)
Joseph M. Barry (No. 4221)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Brian S. Hermann
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

Counsel for the Debtors and Debtors in Possession

## OPT OUT ELECTION FORM

YOU DO NOT NEED TO COMPLETE THIS OPT-OUT ELECTION FORM OR TAKE ANY OTHER ACTION IF YOU CONSENT TO THE "RELEASES BY NON-DEBTORS OF NON-DEBTOR RELEASED PARTIES" PROVISION OF THE PLAN. SIMILARLY, IF YOU DO NOT COMPLETE AND RETURN THIS OPT-OUT ELECTION FORM SO THAT IT IS RECEIVED BY BANKRUPTCY SERVICES LLC ON OR PRIOR TO 4:00 P.M., PREVAILING EASTERN TIME, ON JANUARY 4, 2007, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE "RELEASES BY NON-DEBTORS OF NON-DEBTOR RELEASED PARTIES" PROVISION CONTAINED IN THE PLAN. YOUR ELECTION TO BE INDIVIDUALLY EXCLUDED FROM THE "RELEASES BY NON-DEBTORS OF NON-DEBTOR RELEASED PARTIES" PROVISION OF THE PLAN WILL NOT AFFECT THE AMOUNT OF, OR YOUR QUALIFICATION TO RECEIVE, YOUR DISTRIBUTION UNDER THE PLAN.

**BANKRUPTCY SERVICES LLC**
757 Third Avenue, 3rd Floor, New York, New York 10017
Attn: Foamex Balloting

OPT-OUT ELECTION FORMS SENT BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE EFFECTIVE.

Opt-out Election: ☐ If you elect to be excluded from the "Releases by non-Debtors of Non-Debtor Released Parties" provision described above, check this box.

Name: _____
(Print or Type)

By: _____
(Sign Here)

Title: _____
(If Appropriate)

Social Security or Federal Tax I.D. No.: _____

Address: _____
      (Street)            (City, State, Zip Code)

Broker Name (if applicable): _____

Broker Address (if applicable): _____
      (Street)             (City, State, Zip Code)

Brokerage Account No. (if applicable): _____

Telephone Number: _____

Date Completed: _____

## EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) | Case No. 05-12685 (PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT, (ii) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (iii) LAST DATE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that, by Order dated November__, 2006, the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *Second Amended Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated November 27, 2006 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on January 18, 2007 at 9:30 a.m. prevailing Eastern Time or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Peter J. Walsh, at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 6th Floor, Wilmington, Delaware 19801 to consider confirmation of the *Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated November 27, 2006 (as amended, the "Plan"), as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all

grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before January 4, 2007 at 4:00 p.m.:

Foamex International Inc.
1000 Columbia Avenue
Linwood, PA 19061
Attn: Gregory J. Christian, Esq.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Co-Counsel to the Debtors and Debtors in
  Possession
1285 Avenue of the Americas
New York, NY 10019-6064
Attn:    Alan W. Kornberg, Esq.
         Brian S. Hermann, Esq.

Young Conaway Stargatt & Taylor, LLP
Co-Counsel to the Debtors and Debtors in
  Possession
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
Attn:    Pauline K. Morgan, Esq.
         Joseph M. Barry, Esq.

Greenberg Traurig, LLP
Co-Counsel to the Official Creditors' Committee
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
Attn:    Donald J. Detweiler, Esq.

Lowenstein Sandler PC
Co-Counsel to the Official Creditors'
  Committee
65 Livingston Avenue
Roseland, NJ 07068-1791
Attn:    Kenneth A. Rosen, Esq.
         Paul Kizel, Esq.

Schulte Roth & Zabel LLP
Co-Counsel to the Ad Hoc Committee of
  Senior Secured Noteholders
919 Third Avenue
New York, NY 10022
Attn:    Adam Harris, Esq.

Richards, Layton & Finger, P.A.
Co-Counsel to the Ad Hoc Committee of
  Senior Secured Noteholders
One Rodney Square
920 North King Street
Wilmington, DE 19801
Attn:    John H. Knight, Esq.

Kaye Scholer LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
425 Park Avenue
New York, NY 10022-3598
Attn:    Marc D. Rosenberg, Esq.
         Albert M. Fenster, Esq.

Schulte Roth & Zabel LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Third Avenue
New York, NY 10022
Attn:    Frederic L. Ragucci, Esq.

Buchanan Ingersoll & Rooney
Co-Counsel to the agents for the Debtors'
  postpetition lenders
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Attn:    Jami B. Nimeroff, Esq.

Landis Rath & Cobb, LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Market Street, Suite 600
Wilmington, DE 19899
Attn:    Adam C. Landis, Esq.

Cleary Gottlieb Steen & Hamilton LLP
Co-Counsel to the Significant Equityholders
One Liberty Plaza
New York, NY 10006
Attn:    James L. Bromley, Esq.

Morris Nichols Arsht & Tunnell LLP
Co-Counsel to the Significant Equityholders
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Attn:    William H. Sudell, Esq.

Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
Attn:    David L. Buchbinder, Esq.

Cahill Gordon & Reindel LLP
Counsel to the Proposed Exit Lenders
Eighty Pine Street
New York, NY 10005
Attn:    Susanna M. Suh, Esq.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that copies of the Plan and Disclosure Statement may be obtained by parties in interest at the Debtors' expense upon written request to Bankruptcy Services LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention: Foamex Balloting. In addition, copies of the Disclosure Statement and the Plan may be found on Bankruptcy Services LLC's website, www.bsillc.com, on the Debtors' website, www.foamex.com, and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

Dated: Wilmington, Delaware
        November 27, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Pauline K. Morgan (No. 3650)
Joseph M. Barry (No. 4221)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Brian S. Hermann
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

Counsel for the Debtors and Debtors in Possession