# Exhibit C

SUPPLEMENTAL NOTICE: PLEASE NOTE THAT THIS NOTICE IS IN ADDITION TO THE PRIOR NOTICE SENT TO YOU IN CONNECTION WITH THE DISCLOSURE STATEMENT IN THESE BANKRUPTCY CASES. YOU SHOULD READ THIS NOTICE AS CERTAIN DEADLINES HAVE CHANGED.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FOAMEX INTERNATIONAL INC., *et al.*, | ) Case No. 05-12685 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## NOTICE OF (i) APPROVAL OF SUPPLEMENTAL DISCLOSURE IN CONNECTION WITH THE DEBTORS' DISCLOSURE STATEMENT, (ii) RESCHEDULED DEADLINE FOR VOTING ON THE DEBTORS' SECOND AMENDED JOINT PLAN OF REORGANIZATION, (iii) RESCHEDULED HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (iv) RESCHEDULED LAST DATE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

TO: ALL HOLDERS OF INTERESTS IN CLASSES 9 AND 10 (THIS NOTICE APPLIES <u>ONLY</u> TO HOLDERS OF INTERESTS IN CLASSES 9 AND 10; DEADLINES AND VOTING PROCEDURES FOR ALL OTHER CLASSES OF CLAIMS AND INTERESTS UNDER THE PLAN REMAIN UNAFFECTED)

PLEASE TAKE NOTICE THAT YOUR VOTE IS BEING SOLICITED IN CONNECTION WITH THE SECOND AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE (THE "PLAN") OF FOAMEX INTERNATIONAL INC., FOAMEX L.P., FOAMEX LATIN AMERICA, INC., FOAMEX ASIA, INC., FMXI, INC., FOAMEX CARPET CUSHION LLC, FOAMEX CAPITAL CORPORATION, FOAMEX MEXICO, INC., AND FOAMEX MEXICO II, INC. YOU SHOULD CAREFULLY REVIEW THE MATERIAL SET FORTH IN THE DISCLOSURE STATEMENT (WHICH WAS PREVIOUSLY PROVIDED TO YOU) <u>AND THE SUPPLEMENTAL DISCLOSURE ENCLOSED HEREWITH</u> IN ORDER TO MAKE AN INDEPENDENT DETERMINATION AS TO WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN. THE DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

## APPROVAL OF DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that, by Order dated November 27, 2006 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the District of Delaware (the "Court") approved the *Second Amended Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated November 27, 2006 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title

11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). You were previously sent a copy of the Disclosure Statement in .pdf format on CD-ROM.

PLEASE TAKE FURTHER NOTICE that, by order dated December __, 2006 (the "Supplemental Disclosure Order"), the Court approved (i) the supplemental disclosure enclosed herewith (the "Supplemental Disclosure"), and (ii) the revised procedures for solicitation of your vote to accept or reject the Plan in light of the Supplemental Disclosure.

**PLEASE TAKE FURTHER NOTICE THAT, IF YOU HAVE ALREADY VOTED AND, AFTER REVIEWING THE SUPPLEMENTAL DISCLOSURE, YOU DO NOT WISH TO CHANGE YOUR VOTE, YOU NEED NOT TAKE ANY FURTHER ACTION AND YOUR VOTE WILL BE COUNTED AS YOU PREVIOUSLY VOTED. IF, HOWEVER, AFTER READING THE SUPPLEMENTAL DISCLOSURE YOU WISH TO CHANGE YOUR VOTE, YOU MUST SUBMIT A NEW BALLOT IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN THE DISCLOSURE STATEMENT ORDER AND THE BALLOT ORIGINALLY PROVIDED TO YOU, AS MODIFIED HEREIN. IF YOU DID NOT RETAIN A COPY OF THE BALLOT ORIGINALLY PROVIDED TO YOU, YOU MAY CONTACT BANKRUPTCY SERVICES LLC AT (646) 282-2500 AND ONE WILL BE IMMEDIATELY PROVIDED TO YOU. IF YOU HAVE NOT YET VOTED AT THE TIME YOU RECEIVED THIS NOTICE AND THE ACCOMPANYING MATERIALS, PLEASE FOLLOW THE INSTRUCTIONS IN THE DISCLOSURE STATEMENT ORDER AND THE BALLOT ORIGINALLY PROVIDED TO YOU, AS MODIFIED HEREIN, TO VOTE ON THE PLAN.**

## DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE FURTHER NOTICE that, pursuant to the Supplemental Disclosure Order, the Court established 4:00 p.m. prevailing Eastern Time on **January 18, 2007** (the "Supplemental Voting Deadline")[1] as the deadline by which Ballots[2] accepting or rejecting the Plan must actually be received from holders of Interests in Classes 9 and 10 under the Plan provided, however, that beneficial owners of Existing Common Stock that receive a Beneficial Owner Ballot from a bank or brokerage firm (or its agent) shall return the Ballot to such bank or brokerage firm (or its agent) not later than **January 11, 2006** (the "Supplemental Beneficial Owner Deadline").[3] To be counted, your original signed Ballot (a Ballot to be completed by you is enclosed herewith) must actually be received on or before the Supplemental Voting Deadline by Bankruptcy Services LLC (the "Balloting Agent") at Bankruptcy Services LLC, Attn: Foamex Balloting, 757 Third Avenue, 3rd Floor, New York, NY 10017 or the Supplemental Beneficial Owner Deadline, in accordance with the procedures set forth in your Ballot, as applicable. Ballots received by facsimile or e-mail will not be counted.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on January __, 2007 at __:__ __.m.[4] prevailing Eastern Time or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Kevin Gross, at the United States Bankruptcy Court for the District of Delaware, 844 King St., 2nd Floor, Courtroom 2B, Wilmington, Delaware 19801 to consider confirmation of the plan, as the same

---

[1] The previous deadline was January 4, 2007.
[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.
[3] The previous deadline was December 28, 2006.
[4] The Confirmation Hearing was previously scheduled for January 18, 2007 at 1:00 p.m. (ET).

may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

PLEASE TAKE FURTHER NOTICE that the Plan contains the release, injunctive and exculpation provisions set forth below:

### Mutual Releases.

On the Effective Date, (a) the Debtors and the Reorganized Debtors, on behalf of themselves and their estates, (b) all of the Debtors' and the Reorganized Debtors' respective officers, directors, employees, partners, advisors, attorneys, financial advisors, accountants and other professionals, (c) the members of, and counsel and financial advisors to, the Creditors' Committee, (d) the Significant Equityholders and their counsel and financial advisors, (e) if Class 3 votes to accept the Plan, the Senior Secured Notes Indenture Trustee and its counsel, (f) if Class 3 votes to accept the Plan, the members of, and counsel and financial advisors to, the Ad Hoc Committee of Senior Secured Noteholders, and (g) the DIP Lenders and DIP Agents and their respective attorneys and advisors, in each case, in their respective capacities as such, (collectively clauses (a) through (g) being the "Released Parties," and each a "Released Party" and, collectively, clauses (b) through (g) being the "Non-Debtor Released Parties" and each a "Non-Debtor Released Party") shall be deemed to and hereby unconditionally and irrevocably release each other from any and all claims, obligations, suits, judgments, damages, rights, Causes of Action and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon actions taken in their respective capacities described above or any omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan, <u>except</u> that (i) no individual shall be released from any act or omission that constitutes gross negligence or willful misconduct, (ii) the Reorganized Debtors shall not relinquish or waive the right to assert any of the foregoing as a legal or equitable defense or right of set-off or recoupment against any Claims of any such Persons asserted against the Debtors or the Reorganized Debtors, (iii) the foregoing release shall not apply to any express contractual or financial obligations owed to the Debtors or Reorganized Debtors or any right or obligation arising under or that is part of the Plan or an agreement entered into pursuant to, in connection with or contemplated by, the Plan, (iv) the obligations under the indemnity and other provisions of the DIP Credit Facilities that by their terms shall survive the termination of the DIP Credit Facilities shall continue to exist in accordance with their terms, and (v) the obligations of Foamex International and Reorganized Foamex International under the indemnity and other provisions of the Equity Commitment Agreement shall continue to exist in accordance with their terms.

### Releases by non-Debtors of Non-Debtor Released Parties.

On and as of the Effective Date, all Persons who (i) are not entitled to vote to accept or reject the Plan and do not opt-out of the releases provided for in this paragraph in accordance with the procedures set forth in the order approving the Disclosure Statement, (ii) are entitled to

vote to accept or reject the Plan as set forth on the relevant Ballot and vote to accept the Plan as set forth on the relevant Ballot, and (iii) are entitled to vote to accept or reject the Plan as set forth on the relevant Ballot but do not submit a Ballot with respect to the Plan and do not opt-out of the releases provided for in this paragraph in accordance with the procedures set forth in the order approving the Disclosure Statement shall be deemed, by virtue of their treatment contemplated under the Plan, to have forever released and covenanted not to (y) sue or otherwise seek recovery from any Non-Debtor Released Party on account of any Claim or Interest, including but not limited to any claim based upon tort, breach of contract, violations of federal or state securities laws or otherwise, based upon any act, occurrence, or failure to act from the beginning of time through the Effective Date in any way relating to the Debtors or their business and affairs or (z) assert against any Non-Debtor Released Party any claim, obligation, right, Cause of Action or liability that any holder of a Claim or Interest may be entitled to assert, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, based in whole or in part on any act or omission, transaction, or occurrence from the beginning of time through the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, or the Plan; provided, however, that (i) none of the Non-Debtor Released Parties shall be released from any claim based on any act or omission that constitutes gross negligence or willful misconduct, (ii) the foregoing release shall not apply to rights or obligations arising under or that are part of the Plan or an agreement entered into pursuant to, in connection with, or contemplated by, the Plan and (iii) the foregoing release shall not be construed to prohibit a party in interest from seeking to enforce the terms of the Plan or an agreement entered into pursuant to, in connection with, or contemplated by, the Plan. Notwithstanding anything to the contrary in this Plan, the releases of the Non-Debtor Released Parties shall extend only to claims arising against such Non-Debtor Released Parties in their capacities as parties in interest in the Chapter 11 Cases.

Exculpation.

Exculpation and Limitation of Liability.

The Debtors, the Reorganized Debtors, the Non-Debtor Released Parties, the Exit Facilities Agent and the other arrangers and lender parties for each of the Exit Facilities (i) shall have no liability whatsoever to any holder or purported holder of an Administrative Claim, Claim, or Equity Interest for any act or omission in connection with, or arising out of, the Plan, the Disclosure Statement, the negotiation of the Plan, the negotiation of the Plan Supplement Documents, the Equity Commitment Agreement, the Put Option Agreement, the Exit Facility Commitment Agreement, the Rights Offering, the Rights Offering Documents, the pursuit of approval of the Disclosure Statement or the solicitation of votes for confirmation of the Plan, the Chapter 11 Cases, the consummation of the Plan, the administration of the Plan or the property to be distributed under the Plan, or any transaction contemplated by the Plan or Disclosure Statement or in furtherance thereof except for any act or omission that constitutes gross negligence or willful misconduct as determined by a Final Order, and (ii) in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting any of the Released Parties, the Exit Facilities Agent or the other arranger and lender parties for each of the Exit Facilities from liability.

Limitation of Governmental Releases.

Notwithstanding Articles VIII.K, VIII.L and VIII.M.1 of the Plan, the Plan shall not release, discharge, or exculpate any non-Debtor party from any debt owed to the United States

Government and/or its agencies, including the PBGC (the "Government"), or from any liability arising under the Internal Revenue Code, ERISA, as amended, or the environmental laws, securities laws or criminal laws of the United States. In addition, notwithstanding Articles VIII.K, VIII.L and VIII.M.1 of the Plan, the Plan shall not enjoin or prevent the Government from collecting any such liability from any such non-Debtor party.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections by holders of Interests in Classes 9 and 10, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before **January 18, 2007** at 4:00 p.m.:[5]

Foamex International Inc.
1000 Columbia Avenue
Linwood, PA 19061
Attn: Gregory J. Christian, Esq.

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Co-Counsel to the Debtors and Debtors in
 Possession
1285 Avenue of the Americas
New York, NY 10019-6064
Attn: Alan W. Kornberg, Esq.
 Brian S. Hermann, Esq.

Young Conaway Stargatt & Taylor, LLP
Co-Counsel to the Debtors and Debtors in
 Possession
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19801
Attn: Pauline K. Morgan, Esq.
 Joseph M. Barry, Esq.

Greenberg Traurig, LLP
 Co-Counsel to the Official Creditors' Committee
The Nemours Building
1007 N. Orange Street, Suite 1200
Wilmington, DE 19801
Attn: Donald J. Detweiler, Esq.

Lowenstein Sandler PC
Co-Counsel to the Official Creditors'
 Committee
65 Livingston Avenue
Roseland, NJ 07068-1791
Attn: Kenneth A. Rosen, Esq.
 Paul Kizel, Esq.

Schulte Roth & Zabel LLP
Co-Counsel to the Ad Hoc Committee of
 Senior Secured Noteholders
919 Third Avenue
New York, NY 10022
Attn: Adam Harris, Esq.

Richards, Layton & Finger, P.A.
Co-Counsel to the Ad Hoc Committee of
 Senior Secured Noteholders
One Rodney Square
920 North King Street
Wilmington, DE 19801
Attn: John H. Knight, Esq.

Kaye Scholer LLP
Co-Counsel to the agents for the Debtors'
 postpetition lenders
425 Park Avenue
New York, NY 10022-3598
Attn: Marc D. Rosenberg, Esq.
 Albert M. Fenster, Esq.

---

[5] The previous deadline was January 4, 2007.

Schulte Roth & Zabel LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Third Avenue
New York, NY 10022
Attn:   Frederic L. Ragucci, Esq.

Landis Rath & Cobb, LLP
Co-Counsel to the agents for the Debtors'
  postpetition lenders
919 Market Street, Suite 600
Wilmington, DE 19899
Attn:   Adam C. Landis, Esq.

Morris Nichols Arsht & Tunnell LLP
Co-Counsel to the Significant Equityholders
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Attn:   William H. Sudell, Esq.

Cahill Gordon & Reindel LLP
Counsel to the Proposed Exit Lenders
Eighty Pine Street
New York, NY 10005
Attn:   Susanna M. Suh, Esq.

Buchanan Ingersoll & Rooney
Co-Counsel to the agents for the Debtors'
  postpetition lenders
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
Attn:   Jami B. Nimeroff, Esq.

Cleary Gottlieb Steen & Hamilton LLP
Co-Counsel to the Significant Equityholders
One Liberty Plaza
New York, NY 10006
Attn:   James L. Bromley, Esq.

Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
Attn:   David L. Buchbinder, Esq.

## ADDITIONAL COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that additional copies of the Plan and Disclosure Statement (including the Supplemental Disclosure) may be obtained, in hard-copy format, at the Debtors' expense, by contacting Bankruptcy Services LLC (i) by first class mail addressed to 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention: Foamex Balloting or (ii) by telephoning Bankruptcy Services LLC at (646) 282-2500. In addition, copies of the Disclosure Statement and the Plan may be found on Bankruptcy Services LLC's website, www.bsillc.com, on the Debtors' website, www.foamex.com, and on the Bankruptcy Court's website, www.deb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, 3rd Floor, 824 North Market Street, Wilmington, Delaware 19801.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

Dated: Wilmington, Delaware
       December __, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Pauline K. Morgan (No. 3650)
Joseph M. Barry (No. 4221)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Alan W. Kornberg
Brian S. Hermann
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Counsel for the Debtors and Debtors in Possession