IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOAMEX INTERNATIONAL INC. | ) | Case No. 05–12685 (KG) |
| | ) | |
| Reorganized Debtor. | ) | **Dkt. Reference Nos. 2602 & 2609** |

## ORDER APPROVING REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE PURSUANT TO BANKRUPTCY CODE SECTION 350 AND BANKRUPTCY RULE 3022

Upon consideration of the motion (the "Motion") [Docket No. 2602][1] of Foamex International, Inc., the above-captioned reorganized debtor (the "Reorganized Debtor"), for entry of a final decree closing its chapter 11 case pursuant to section 350 of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure and Rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; and upon consideration of the Objection of the Bank of New York as Indenture Trustee (the "BNY Objection") [Docket No. 2609] filed by Bank of New York, as Indenture Trustee ("BNY") whereby BNY objected to the entry of a final decree in this case due to (i) the pendency of the BNY Appeal (as defined in the BNY Objection), and (ii) the outstanding dispute among the Reorganized Debtor and BNY regarding BNY's attorneys' fees (as described more fully in paragraph 4 of the BNY Objection,[2] the "BNY Fee Dispute"); and the Court having been advised that the Reorganized Debtor and BNY have resolved the issues raised in the BNY Objection and that, in light thereof, BNY has

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

[2] Nothing set forth in this Final Decree (as defined below) is intended to, nor shall it, be considered a concession on the part of the Reorganized Debtor that the description of the BNY Fee Dispute set forth in the BNY Objection, including paragraph 4 thereof, is accurate.

consented to the entry of this final decree (the "Final Decree"); and it appearing that due and adequate notice of the Motion has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted, as set forth herein; and it is further

ORDERED that chapter 11 case of the Reorganized Debtor (Case No. 05-12685 (KG)) is hereby closed pursuant to section 350(a) of the Bankruptcy Code and a final decree is hereby granted for the Reorganized Debtor's chapter 11 case effective as of the date hereof; and it is further

ORDERED that entry of this Final Decree is without prejudice to BNY's right to seek to reopen this case pursuant to section 350(b) of the Bankruptcy Code (the "BNY Motion to Reopen") in order to file a motion seeking an allowed administrative expense request related to the BNY Fee Dispute (the "BNY Fee Motion"); and it is further

ORDERED that upon the filing of the BNY Motion to Reopen, the Reorganized Debtor, by agreement, is hereby deemed to have consented to the reopening of this case for the purpose of permitting BNY to file the BNY Fee Motion; and it is further

ORDERED that to the extent any matter currently on appeal before the United States District Court for the District of Delaware in the BNY Appeal is reversed and remanded to this Court for further proceedings, the Reorganized Debtor, by agreement, is hereby deemed to have consented to the reopening of this case for the purpose of adjudicating such remanded matters; and it is further

ORDERED that nothing set forth in the Motion or in this Final Decree was intended to, nor does it, cut off or impair any rights BNY may have to the attorneys' fees and

costs underlying the BNY Fee Dispute, if any, or to full adjudication of any issues remanded for further proceedings in the BNY Appeal, if any; and it is further

ORDERED that cause (as that term is used in section 350(b) of the Bankruptcy Code) is deemed to exist upon the filing by BNY of the BNY Motion to Reopen in order to file the BNY Fee Motion; and it is further

ORDERED that unless expressly stated in this Final Decree, nothing set forth herein shall limit any right, claim or argument of the Reorganized Debtor with respect to the BNY Fee Dispute, the BNY Fee Motion or the BNY Appeal, and the Reorganized Debtor's right to oppose the BNY Fee Dispute, the BNY Fee Motion or the BNY Appeal on any and all grounds are unaffected by this Final Decree; and it is further

ORDERED that the services of Epiq Systems, Inc., f/k/a Bankruptcy Services, Inc., ("Epiq") may be terminated by the Reorganized Debtor without further order of the Court or notice to any party other than Epiq. Epiq will prepare final claims registers for the Clerk's Office pursuant to 28 U.S.C. § 156(c); and it is further

ORDERED that the Reorganized Debtor shall complete all remaining quarterly reports and pay all quarterly fees due and owing within thirty days of entry of this Order.

Dated: Wilmington, Delaware

DECEMBER 13, 2007

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

DB02:6107971.6                                                                                           064397.1001