IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| | : |
| FOAMEX INTERNATIONAL INC., | : Case No. 05-12685-KG |
| | : |
| | : |
| Reorganized Debtor. | : |
| | : |
| THE BANK OF NEW YORK, AS | : |
| INDENTURE TRUSTEE, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 07-212-JJF |
| | : |
| FOAMEX INTERNATINOAL INC., | : |
| | : |
| Appellee. | : |

Glenn E. Siegel, Esquire; Ross L. Hirsch, Esquire and Davin J. Hall, Esquire of DECHERT LLP, New York, New York.
Laurie Selber Silverstein, Esquire and Gabriel R. MacConaill, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Appellant.

Pauline K. Morgan, Esquire; Joseph M. Barry, Esquire and Kenneth J. Enos, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.

Attorneys for Appellee.

**MEMORANDUM OPINION**

February 28, 2008
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is an appeal from the March 23, 2007 Order Denying The Request Of The Bank Of New York, As Indenture Trustee, To Compel The Reorganized Debtors To Pay Post-Maturity Compound Interest On The 2005 Notes (the "Order") issued by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). For the reasons discussed, the Court will affirm the Bankruptcy Court's Order.

I.  **THE PARTIES' CONTENTIONS**

By its appeal, Appellant, The Bank of New York ("BNY") contends that the Bankruptcy Court erred in concluding that the Indenture dated December 23, 1997 (the "2005 Notes Indenture") did not require the Reorganized Debtors to pay BNY post-maturity interest on overdue installments of interest ("compound interest") as a result of the Reorganized Debtor's payment default. BNY contends that under New York law, if a note provides for interest to accrue on an unpaid balance, then interest continues to accrue in the manner set forth in the note after the stated maturity date and until the outstanding principal balance is paid. BNY contends that the Reorganized Debtors failure to pay principal on the August 15, 2005 maturity date triggered the default rate of 14.5% interest on outstanding principal and missed interest payments. Because the 2005 Notes were left unimpaired under the Debtors' confirmed Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy

Code (the "Plan"), BNY contends that the Reorganized Debtors are contractually bound by the terms of the 2005 Notes Indenture to pay the compound interest.

In response, the Reorganized Debtors contend that the governing documents, the 2005 Subordinated Notes and the 2005 Notes Indenture, do not expressly provide for the payment of post-maturity compound interest. The Reorganized Debtors further contend that compound interest is disfavored under New York law, and the cases cited by BNY do not support BNY's position. Because the 2005 Notes Indenture only requires the payment of simple post-maturity interest, the Reorganized Debtors contend that the 2005 Notes Indenture has not been impaired.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'"

2

Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

## III. DISCUSSION

There is no dispute that the governing documents in this case are to be construed in accordance with New York law. Under New York law, compound interest is disfavored, see e.g. Rourke v. Fred H. Thomas Assoc., 616 N.Y.S.2d 160, 162 (N.Y. Sup. Ct. 1994), and is not recoverable unless the governing documents expressly and specifically set forth an entitlement to compound interest. In re Marfin Ready Mix Corp., 220 B.R. 148, 159 (Bankr. E.D.N.Y. 1998); Gutman v. Savas, 17 A.D.3d 278, 279 (N.Y. App. Div., 1st Dep't 2005); In re City of New York, 824 N.Y.S.2d 768 (N.Y. Sup. Ct. Aug. 24, 2006). As a matter of law, compound interest cannot be implied in an agreement. Rourke v. Fred H. Thomas Assoc., 216 A.D.2d 717, 718 (N.Y. App. Div., 3rd Dep't 1995). However, in a long line of cases, New York courts have concluded that where a contract provides for interest to continue to accrue "until the principal is paid," those provisions

3

constitute an express requirement that the interest terms continue to apply until the principal is actually paid, even if that payment occurs after the note's maturity. See e.g., O'Brien v. Young, 95 N.Y. 428, 430 (1884); accord European American Bank v. Peddlers Pond Holding Corp., 185 A.D.2d 805 (N.Y. 1992); Citibank, N.A. v. Liebowitz, 110 A.D.2d 615 (N.Y. 1985).

It is undisputed that prior to maturity, the 2005 Notes Indenture require the payment of compound interest. The issue here, is whether the payment of compound interest continues after maturity. In this case, the 2005 Notes Indenture contains two provisions which are, in the Court's view, equivalent to the "until paid" language recognized by New York courts as sufficient to evidence an express agreement to continue the payment of compound interest post-maturity. The first provision is Section 8.1 which provides that "the Issuer's [payment] obligations in Section 4.1 . . . shall survive until the Notes are no longer outstanding." (D.I. 7 at A13). The second provision is Section 2.8, which provides: "If the principal amount of any Note is considered paid under Section 4.1 hereof, it ceases to be outstanding and interest on it ceases to accrue." (D.I. 7 at A07). In the Court's view, New York law requires these provisions to be construed as providing for the continuation of compound interest payments as required in the 2005 Notes

4

Indenture, until the principal is paid in full, regardless of whether that full payment occurs subsequent to the Note's maturity date.[1]  O'Brien, 95 N.Y. at 430; see also 72 N.Y. Jur. 2d Interest and Usury § 23; In re Best Payphones, Inc., 2003 Bankr. LEXIS 180 at 19 (Bankr. S.D.N.Y. Mar. 10, 2003).  Accordingly, the Court concludes that the Bankruptcy Court's interpretation of the 2005 Notes Indenture was erroneous as a matter of law.

## IV. CONCLUSION

For the reasons discussed, the Court will reverse the Bankruptcy Court's March 23, 2005 Order.

An appropriate Order will be entered.

---

[1]  The Court acknowledges that this approach is not the approach taken by Courts within this circuit, see e.g., In re Grayboyes, 2006 U.S. Dist. LEXIS 6671, 34 (E.D. Pa. Feb. 22, 2006); In re Dilts, 143 B.R. 644 (Bankr. W.D. Pa. 1992); however, New York law is controlling here.  Therefore, the Court cannot rely upon the contrary cases cited by the Reorganized Debtors from other jurisdictions.

5